Hughes, J.
The defendant was convicted under Section 1655, General Code, for failing to contribute to the support of his minor child.
The affidavit under which the conviction was had was filed by his wife, charging him, in substance, with being the parent of this child and charged by law with the support and maintenance thereof.
The record discloses that the defendant and his wife had been divorced, and in the judgment of the court granting the divorce is contained the order that the custody, care, education, control, support and maintenance of the child are awarded to the wife find that the defendant is released from any further responsibility regarding the child.
Under Section 7997, General Code, the husband is charged by law with the support of himself, his *239 wife and minor children so long as he is able to do so by reason of property, wages or labor; And this obligation which the law casts upon the husband and father of a minor child abides with him so long as the child remains under the age of sixteen years.
Section 11987, General Code, found in the chapter on divorce and alimony, gives jurisdiction to the court to make such order as is just for the disposition, care and maintenance of the children.
Section 1655, General Code, under which this defendant was convicted, provides, that, whoever, being charged by law. with the maintenance of a child, neglects his duty, shall be guilty of an offense.
It will be observed that a requisite under this section is that, the defendant be charged by law with the maintenance of the child. The court, in the divorce proceedings, having taken from him the custody and maintenance of the child, and having released him from any further responsibility regarding the child, he is, in the opinion of this court, no longer charged with the duty of maintenance.
We are not unmindful of the decisions of our supreme court in, which it is held that a husband is not relieved from the responsibility of maintaining his child when in the divorce proceeding the custody has been taken from him and given to the wife. It will be observed, however, by a reading of the opinions in these cases, that in none of them did the divorce court charge the wife with the maintenance, and release the husband therefrom, as was done in the case at bar.
*240 It is well recognized within the state that changed circumstances and conditions will warrant a court in modifying its former order regarding the welfare of the children, and so long as this order remains in force and effect we are of the opinion that it is available to the defendant as a defense against a prosecution for failing to maintain his child under such circumstances.. ;
Section 1655, General Code, above referred to, makes no attempt to define the duties or obligations of either the husband or wife regarding their children, and the legislature, in our. opinion, has given jurisdiction to the divorce court to modify the primary obligation of the husband, as defined in Section 7997, by the provisions set forth in Section 11987.
For the reasons above given, the judgment is reversed.

Judgment reversed.

Kinder and Crow, JJ., concur.