THE STATE OF OHIO, APPELLEE, *v.* HOLL, APPELLANT.

(No. 244—Decided January 27, 1971.)

*Mr. Robert C. Wiesenmayer,* for appellant.
*Mr. H. Michael Moser,* for appellee.

YOUNGER, J. This is an appeal from a judgment of the Juvenile Court of Auglaize County. By such judgment, the Juvenile Court found the appellant, James Adam Holl, guilty of nonsupport of his daughter, Janice, age 15 years, and assessed a fine of twenty dollars and costs and ordered him imprisoned for thirty days. The imprisonment was suspended on condition that the appellant pay to the mother of the child the sum of ten dollars each week until such child would arrive at the age of 18 years.

The case was submitted upon an agreed statement of facts. From these facts we learn that the parties have been divorced for some time and that on December 13, 1968, the Common Pleas Court of Auglaize County changed the custody of Janice from the father to the mother and ordered the father to pay to the mother the sum of ten dollars per month. The language of the court, according to the journal entry, is as follows:

"It is therefore ordered, adjudged and decreed that the support for said minor child is hereby established at

the sum of ten and no/100 ($10.00) dollars, per month plus poundage through the Clerk of Courts of the County of Auglaize until such further orders of the court.''

We further learn that the appellant is a totally disabled veteran now remarried with four minor children; that he receives compensation from the Veterans Administration in the amount of four hundred dollars for himself, thirty-four dollars for his wife and ten dollars for each minor child, making a total of four hundred seventy-four dollars per month; that immediately following the Common Pleas Court order, the Veterans Administration deducted ten dollars per month from the appellant's compensation and sent the same to his divorced wife in payment of the amount specified by the Common Pleas Court and that she has continued to receive such amount since that time; that the appellant has requested the Veterans Administration to increase such support money for Janice but that the child's mother has refused or neglected to join in such request.

From these facts, this court finds and concludes that the Juvenile Court has no jurisdiction to hear or decide this matter. The Common Pleas Court by its action has complete jurisdiction over the amount of support for Janice and any change in such amount must come, if at all, from the Common Pleas Court.

This question was decided by this court in 1921 in the case of *Rowland* v. *State,* 14 Ohio App. 238. In that case the syllabus is as follows:

''A judgment entered in a divorce proceeding, releasing the defendant father from any further responsibility regarding his minor child, whose custody, support, and so forth, are committed to the mother, is available to him as a defense against a prosecution under Section 1655, General Code, for failing to contribute to the support of such child.''

In 27B Corpus Juris Secundum 619, Divorce, Section 319(5), we find the following:

''Where a divorce decree awarding custody of the minor children to the mother fixes a sum payable for the

support of the children, the measure of the father's liability, is the amount provided for in the decree, and while such decree remains in force the husband cannot be compelled to make additional payments, even for service to the children of an extraordinary or unforeseen nature.''

In 41 Ohio Jurisprudence 2d 594, Parent and Child, Section 70, appears the following:

'' * * * a judgment entered in a divorce proceeding releasing the defendant from any further responsibility in regard to his minor child, whose custody, support, etc., are committed to the mother, constitutes a good defense to a prosecution for failing to contribute to the support of such minor.

''Establishment by the defendant of his compliance with an existing order of court covering the support of his minor children would, no doubt, be a complete defense to a prosecution against him for nonsupport.''

These same quotations are carried in 33 Ohio Jurisprudence 2d 76, 77, Juvenile Courts, Section 59.

It is anomalous that, while complying with one court order for support, a person could be found guilty of nonsupport in another court. Compliance with the Common Pleas Court order is a bar to prosecution for nonsupport in the Juvenile Court.

It is, therefore, necessary that the judgment of the Juvenile Court of Auglaize County be reversed and the defendant ordered discharged.

*Judgment reversed.*

COLE, P. J., and GUERNSEY, J., concur.