THE STATE OF OHIO, APPELLEE, *v.* OPPENHEIMER, APPELLANT.

(No. 75AP-184—Decided August 12, 1975.)

*Mr. George C. Smith*, prosecuting attorney, *Mr. J. Frederick Gatzke*, for appellee.

*Mr. Carl T. Wolfrom*, for appellant.

WHITESIDE, J. Defendant appeals from a judgment of the Court of Common Pleas of Franklin County, division of domestic relations, juvenile branch, upon a jury verdict finding him guilty of the nonsupport of his two minor children, from June 4, 1974, until September 30, 1974, in violation of R. C. 2919.21.

The evidence indicates that defendant was divorced from his wife in January, 1973, who was awarded custody of their then three minor children, and defendant was ordered to pay support for the children in the amount of $260 per month. On September 30, 1974, defendant's ex-wife

caused the commencement of the present proceedings by filing a Complaint charging defendant with failing to support their three children from June 4, 1974, until September 30, 1974. One of the children was nineteen years of age at the time. At trial, the Complaint was amended to delete the reference to the nineteen year old.

The evidence indicated that, during the four-month period alleged, defendant had made no support payments to his ex-wife for the children and had not otherwise supported the children except by an occasional small amount of money which he may have given them. Presumably more was given in the way of gifts. The trial court excluded any evidence as to payments made by defendant for support of the children prior or subsequent to the four-month period alleged and also excluded certain evidence concerning a $1,000 bond of defendant's, which was in the possession of his ex-wife, and which he allegedly offered to sign over to her for support during the period involved. The trial court also excluded some evidence concerning the earnings of defendant's ex-wife.

The trial court also admitted into evidence, over the objection of defendant, the divorce decree establishing and ordering the support payments and the cashier's record card of the clerk of courts showing no payments made by defendant. The trial court refused to instruct the jury that the divorce decree did not establish defendant's obligation to provide adequate support under the criminal charges. Defendant testified that he had had physical and mental problems for which he had been under the care of doctors, including a psychiatrist; that he was hospitalized for three months in 1973; and that his problems continued at least through September of 1974. Defendant further testified that he had paid no support payments during the period in question and had been employed with a take-home pay of $215 a week during that period, but that he had had no income for a period of three and one-half months, apparently sometime prior thereto. Testimony that he had "gone in the hole $3,000 just a few months before," as an accumulation of the three and one-half month period with no in-

come, was excluded by the trial court. The trial court refused to charge the jury upon the defense of inability to support.

Defendant proffered certain evidence, including exhibits, which were excluded by the trial court, which, *inter alia*, show that, from December 28, 1973, through December 30, 1974, defendant made support payments to his ex-wife—the prosecuting complainant and witness—for child support totalling some $1,879.11. He also proffered evidence that in 1973 he voluntarily caused to be paid to his ex-wife, from a profit-sharing plan, the sum of $7,824.21, which was his property and was not under compulsion of the divorce decree. Defendant also proffered defendant's joint return with his then wife for the year 1972, indicating gross rental income in that year of some $17,000, and a net income, after expenses but including allowance for depreciation, of approximately $8,500.

In effect, the trial court limited the consideration of the jury to evidence concerning the four-month period from June 4, 1974, until September 30, 1974. The jury returned a verdict of guilty. In support of his appeal, defendant raises six assignments of error, which he has labeled "Propositions of Law," as follows:

1. "The record of a judgment rendered in a civil action is not admissible in a criminal prosecution to establish facts essential to a conviction of the offense charged, because the parties in a criminal prosecution are different from those in a civil action, and the quantum of proof is different in a criminal case from that required in a civil case."

2. "Due process of law requires that a defendant be permitted to present his version of the facts, as well as the prosecution's version to the jury so that the jury may decide where the truth lies."

3. "The trial court must hold a balance between the state and the accused and afford each the benefit of a fair hearing."

4. "The effective *res judicata* attached only to a valid, final judgment on the evidence between the same parties."

5. "The trial court added to the prejudicial effect the

admission of the divorce decree and cashier's record herein by refusing to grant an instruction that the amount listed in the divorce decree for child support did not necessarily mean that this would constitute the required adequate support under the criminal law.''

6. ''The court erred when it refused an instruction concerning the affirmative defense under Section 2919.21, Ohio Revised Code.''

Before specifically considering each assignment of error, it is necessary to review the general principles of law applicable to a case such as this and which permeate all of the assignments of error.

R. C. 2919.21, which defendant is accused of violating, is a relatively new statute, effective January 1, 1974, enacted as a part of the new Criminal Code and replacing, in part, former R. C. 3113.01 and 2903.08, with which there are both similarities and differences. R. C. 2919.21 provides in pertinent part:

''(A) No person shall * * * fail to provide adequate support to:

''* * *

''(2) His or her legitimate * * * child under eighteen * * *

''* * *

''(B) It is an affirmative defense to a charge under this section that the actor was unable to provide adequate support, and provided such support as was within his ability and means.''

Former R. C. 2903.08, *inter alia,* prohibited a parent from willfully or negligently failing to furnish his child under the age of eighteen with ''necessary and proper food, clothing, or shelter.'' Former R. C. 3113.01 prohibited a parent of a child under eighteen from failing to provide such child ''with the necessary or proper home, care, food, and clothing.'' The present statute, like the former ones, places an equal burden upon both parents, both father and mother, to provide for the support of their minor children. The question immediately arises as to the criminal liability of one parent for failure to provide adequate support,

where such adequate support is provided by the other parent who is fully able to do so.

In an old case, interpreting a former statute, which read substantially similar to the present R. C. 3113.06 in this regard, the Supreme Court held that a father is not absolved from his obligation to support his minor child because his divorced wife, having custody, has provided him with sufficient support. *State v. Stouffer* (1901), 65 Ohio St. 47. Although the syllabus contains this statement, the opinion indicates that the support was provided in part by the mother and in part by her parents. Furthermore, the statute involved did not place an equal burden upon both parents, but placed the primary burden for support upon the father. See *Bowen v. The State* (1897), 56 Ohio St. 235, in which it is stated, at page 239:

"The duty is primarily devolved on the father to support his minor children out of his property, or by his labor. * * * This is a duty which he owes to the state, as well as to his children; and he has no more right to allow them to become a public charge than he has to allow them to suffer for want of proper care and sustenance. * * *"

In *Bowen*, it was held that the father was not absolved of his responsibility to provide for the support of his children by virtue of a contract by which the mother was granted custody of the children in return for agreeing to support them in full, where the mother subsequently became unable to support the children, even though she refused to return custody to the father pursuant to the agreement. See also *State v. Turner* (1965), 3 Ohio App. 2d 5.

It has been held that a father who has complied with an order of support entered in a divorce case cannot be prosecuted for the nonsupport of such children. *State v. Holl* (1971), 25 Ohio App. 2d 75 It has also been held that a father cannot be prosecuted for the nonsupport of his minor children where a divorce decree gives custody to the mother and releases the father from liability to support the children. *Rowland v. State* (1921), 14 Ohio App. 238. Although these cases may have correctly applied the law to

the facts involved, the father cannot be absolved from his responsibility to support his minor children by a divorce decree where the mother is unable or fails or neglects to support them. There is an equal burden upon both parents to support their children to the extent of their ability to do so. The concern of the state is to make certain that the children are adequately supported and do not become a public charge so long as one or the other or both parents are able to support them. As stated in *Bowen, supra,* at page 239:

"* * * [T]he duty he owes the public of saving it from the expense of supporting his children, is personal and continuing, and cannot be affected by any agreement he may make with another. He must answer to the state for his omission of that duty, and look to the other contracting party for any breach of the contract."

Unfortunately, the trial of this case too closely resembled an effort to enforce the support order contained in the divorce decree which is for the benefit of the mother as well as the children, assuming she has financial means to provide adequate support for the children, rather than to enforce the duty that defendant owes to the state to support his children so that they will be properly cared for and will not become public charges.

Ohio law does not make it a criminal offense to fail to comply with a support order contained in a divorce decree. The support decree may be enforced by contempt proceedings; by reduction to judgment and execution; by requirements of security, which will be applied to the payment of support if support payments are not made; by orders pursuant to R. C. 3113.21 for direct payment by employers; by withholding personal earnings of the person ordered to pay support; and by other means lying within the jurisdiction and discretion of the court which issued the order of support. However, criminal prosecution under R. C. 2919.-21 is not a proper means of enforcing support orders contained in a divorce decree, and should not be utilized for that purpose.

Although some states take the view that criminal pros-

ecution for the nonsupport of children does not lie against the parent not having custody of the child, where custody has been granted to the other parent with an order requiring the noncustodial parent to pay support, most jurisdictions hold that the divorce decree granting custody does not limit criminal prosecution to the parent having custody. See annotation, 73 A. L. R. 2d 960.

Obviously, it is not the intent of R. C. 2919.21 to absolve the parent not having custody of the minor children from criminal liability for failing to support minor children who are not being adequately supported, regardless of which parent has been granted custody of such minor children. However, a different situation arises where the parent having custody has ample means to fully support the minor children. In such a situation, the collective duty of the parents of the minor children to the state has been fulfilled by the parent having custody of the children and upon whom would devolve, under present law, the primary obligation to support the children. The right of such parent to enforce contribution toward the support of the children from the other parent, whether by means of enforcement of a divorce decree ordering support payments or otherwise, is personal to such parent and is not part of the concern of the state that the children be adequately cared for by the parents.

The state points out that R. C. 3103.03 places the obligation upon a husband to support his wife and his minor children. However, R. C. 3103.03 deals with the relationship and responsibilities of the husband and wife during the marriage and not their relationship or responsibilities after divorce. R. C. 3105.18 provides that either party to the marriage may be awarded alimony. R. C. 3109.05 deals with the support of children and provides that either or both parents may be ordered to support or help support their children.

Under a literal interpretation of R. C. 2919.21, either parent may be prosecuted and convicted for a failure to provide full adequate support to his or her child under eighteen, unless the parent is able to prove that he or she

was unable to provide full adequate support and provided such support as was within his or her ability and means. If support provided by the other parent is to be disregarded, a parent who was able to provide full adequate support but provided only partial adequate support could be convicted, and the fact that the other parent was able to and did provide the remainder of the full adequate support would be no defense. Under such a construction of the statute, both parents could be convicted of nonsupport if both were able to provide full adequate support but, instead, divided the responsibility between them. Such a construction of the statute is obviously unreasonable.

Equally unreasonable is the conviction of a parent for non-support where support was provided by the other parent who had custody of the children and who was fully able to provide full adequate support. A civil remedy for the parent providing full support against the parent failing to contribute to such support for a fair contribution toward support of their minor children is available. However, such parent providing the support is not entitled to utilize criminal prosecution under R. C. 2919.21 as a means of enforcing the obligation of the other parent to contribute to the support of their children.

In situations where the parent having custody of the children is unable to provide full adequate support for the children, the state's interest becomes paramount. If the other parent being able to do so fails to contribute to the support of the children so that they will have full adequate support and, as a result, they necessarily are either inadequately cared for, become public charges, or are supplied with support by third persons, the parent failing to provide any support has violated R. C. 2919.21. The present Ohio law recognizes that the equal protection of the law requires that the burden to support minor children be placed equally upon both parents to the extent of their ability and means to the end that the children be adequately supported by their parents.

Assuming that one parent can be prosecuted under R. C. 2919.21 for nonsupport of minor children even though

the other parent has the means to provide and has in fact provided full adequate support for such children, such prosecution must be predicated upon the failure of such parent to provide his or her fair share of the adequate support for the children, not upon a failure to provide full adequate support for them. In such a prosecution, there is necessarily involved a determination of what constitutes a fair share of adequate support for the children. Although not directly applicable, R. C. 3109.05 sets forth the factors which, of necessity, are involved in making such a determination, as follows:

"* * * In determining the amount reasonable or necessary for child support the court shall consider all relevant factors including:

"(A) The financial resources of the child;

"(B) The financial resources and needs of the custodial parent;

"(C) The standard of living the child would have enjoyed had the marriage continued;

"(D) The physical and emotional conditions of the child, and his educational needs;

"(E) The financial resources and needs of the noncustodial parent;

"(F) The educational needs of the child and the educational opportunities which would have been available to him had the circumstances requiring a court order for his support not arisen."

Basically then, the issues are the needs of the children for support, the needs and resources of the custodial parent, and the needs and resources of the noncustodial parent. Evidence upon any of these issues is admissible in a prosecution for nonsupport, whether by the prosecution, or by way of defense.

Turning now to a specific consideration of the assignments of error, assignments of error numbers one and five will be considered together because of their interrelationships. The trial court admitted into evidence the divorce decree ordering defendant to pay to his former wife the sum of $260 per month for support of their three minor

children, one of whom has since reached majority, and the prosecution, therefore, related to only two. The court refused to give a requested instruction that the divorce decree did not establish what would constitute adequate support. The court did state that it would charge the jury that the divorce decree involved three children, whereas the prosecution involved only two, but it failed to do so. The trial court also admitted into evidence the cashier's record of the clerk of courts, showing no support payments made by the defendant, but did instruct the jury that this was to be considered only with respect to the four-month period involved.

The first paragraph of the syllabus of *State* v. *Snyder* (1952), 157 Ohio St. 15, states:

"The record of a judgment in a civil action is not admissible in a criminal prosecution to establish the facts essential to a conviction of the offense charged."

Here, the divorce decree was improperly admitted for the purpose of establishing the duty of defendant to provide adequate support and the amount that would constitute such adequate support. It was admitted for the purpose of establishing facts essential to the conviction of the offense charged. Had the trial court given the requested instruction, there may have been no prejudice resulting to defendant from the admission of the divorce decree into evidence. The decree may have been admissible for the limited purpose of showing that the mother, rather than defendant, had custody of the minor children. Even though requested, the trial court did not limit the jury's consideration of the divorce decree.

Under some circumstances, the admission into evidence of the clerk's record showing no payments might not be prejudicial. However, the introduction into evidence of this record, coupled with the divorce decree, and the exclusion of evidence as to any payments made by defendant toward support of his children was prejudicial. The divorce decree expressly provided that the support payments were to be made through the cashier's office of the court. The decree was entered January 30, 1973. The cash-

ier's record reads "2/10/73 $260.00 monthly," and then indicates no payments whatsoever. In fact, defendant apparently failed to comply with the requirement of the decree that support payments be made through the cashier's office. Coupled with the exclusion of evidence as to payments made by the defendant toward support of his children, the jury was left with an erroneous impression that defendant had fully failed to provide any support for his minor children since January 30, 1973, in accordance with the decree. The court's limiting instruction as to the consideration of the clerk's record did not cure the prejudicial effect of the record when coupled with the admission into evidence of the divorce decree and the exclusion of evidence of any payments toward the support of the children. Such evidence was prejudicial to defendant with respect to the requisite finding of his culpability pursuant to R. C. 2901.21(B). The first and fifth assignments of error are well taken.

The second and fourth assignments of error are also interrelated and deal with the exclusion of evidence concerning payments made by defendant for the support of his children; his offer during the period in question to sign over a $1,000 bond in his name, but in the possession of his former wife, to be used for the support of the children; and the exclusion of a 1972 income tax return, showing income for that year of rental properties now owned by the former wife. The trial court erred in excluding this evidence.

The defendant was entitled to have the jury informed as to the entire situation with respect to defendant's support for his children. An isolated period of four months cannot be arbitrarily selected for prosecution for nonsupport and all other periods of time excluded. Evidence of what support the defendant has given during the periods before and after the arbitrarily selected period of time have a bearing upon the determination of the defendant's culpability pursuant to R. C. 2901.21(B), even if not admissible to show that adequate support has been provided. However, in addition, such evidence has a bearing upon the issue of whether the defendant has provided adequate sup-

port. A person may provide support in advance which will cover a subsequent period during which no support is made. The trial court specifically excluded such type of evidence. It stated:

"* * * This court is not going to permit any testimony from this witness or any other witnesses showing that there is an alleged overpayment due from some prior period of time extenuating from the divorce decree, for the reason that in a prior nonsupport case all the arrearages up to that period of time have been adjusted between the parties and paid, and it was completely settled."

Such a ruling might well have been proper had this been a case of the enforcement of the divorce decree order of support, but it is inappropriate and improper in a criminal prosecution for nonsupport. What has been established between the parents with respect to payments previously made for support may be binding between them, but such is not binding upon either of them in a prosecution for the nonsupport of the children. The trial court erred in excluding this evidence. It may well be that, once the evidence of payments are admitted, the evidence of application and understanding of the parties may be also admissible for the benefit of the jury's understanding of the evidence.

Likewise, the evidence of defendant's offer to sign over the bond should have been admitted, since it would indicate an offer to pay support during the period in question and it most certainly had a bearing upon his culpability. The contention by the prosecutor that the bond was pledged for some purpose, apparently to the former wife, did not bar the admissibility into evidence of the offer. Rather, the entire situation should have been admitted into evidence, and the jury enabled to determine guilt based upon all the relationships and circumstances involved, not upon the isolated circumstances that may have occurred in an isolated period of time.

Furthermore, payments of arrearages may well be pertinent to a determination of a defendant's ability to pay support during a given period of time. If a defendant uses all of his resources to pay a court order arrearage for

the failure to make support payments during a prior period of time, he may be financially unable to continue current support payments because of a lack of additional funds to make them. All of the evidence offered had a bearing upon defendant's permitted affirmative defense of his inability to pay support during the specified four-month period, as did his other obligations incurred, including the fact that he was off work for three months prior to the period in question.

It is not for the prosecutor and trial court to select which evidence should be admitted so as to limit the evidence to that tending to prove guilt and exclude that which may have a tendency to prove innocence, especially upon the issue of culpability. As to *res judicata,* there is no evidence in the record which supports a finding of *res judicata.* Although there are certain statements of the trial court and the prosecutor to that effect, no evidence was presented to support *res judicata* as to any of the issues. In any event, it would appear that *res judicata,* if applicable, would have been between defendant and his former wife, and not between defendant and the state. Again, we reiterate that this was a criminal prosecution by the state and not a proceeding to enforce defendant's obligation of support established by the divorce decree. The second and fourth assignments of error are well taken.

In support of the third assignment of error, defendant refers to the circumstances concerning the proffering of evidence into the record. Although some unorthodox proceedings may have occurred, we find nothing prejudicial with respect to the proffering of evidence, the trial court having eventually permitted proffers. The third assignment of error is not well taken.

By the sixth assignment of error, defendant contends that the trial court erred when it refused to instruct the jury concerning the affirmative defense of inability to pay. Under the evidence admitted by the trial court, the defendant did not sufficiently establish this defense to require such an instruction. Defendant testified as to his physical and mental condition, his being hospitalized, and his be-

ing off work, and attempted to testify that he had incurred substantial bills as a result thereof, but this was stricken by the trial court. Defendant did not present any medical testimony as to his condition, nor any other evidence as to his having been probated in 1973.

Although such defense would probably have been established sufficiently to require the requested instruction, had the trial court not erroneously excluded much of the evidence pertinent thereto, upon the evidence adduced, defendant was not entitled to such an instruction, and the trial court did not err in refusing to give it. The sixth assignment of error is overruled.

For the foregoing reasons, the first, second, fourth, and fifth assignments of error are sustained, the third and sixth assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, division of domestic relations, juvenile branch, is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed and cause remanded.*

STRAUSBAUGH, P. J., and REILLY, J., concur.