The STATE of Ohio, Appellee,

v.

HARDING, Appellant.

[Cite as *State v. Harding* (1992), 81 Ohio App.3d 619.]

Court of Appeals of Ohio,
Greene County.

No. 91–CA–108.

Decided July 1, 1992.

*William F. Schenck,* Greene County Prosecuting Attorney, and *Robert K. Hendrix,* Assistant Prosecuting Attorney, for appellee.

*Don Brezine,* for appellant.

BROGAN, Judge.

Appellant, Paul Harding, appeals from the judgment of the Xenia Municipal Court, finding him guilty of one count of failure to support.

On June 28, 1991, a complaint was filed in the Xenia Municipal Court charging Harding with failing to "provide adequate support to any person whom by law or court order or decree, the offender was legally obligated to support, contrary to and in violation of Ohio Revised Code Section 2919.-21(A)(4) and against the peace and dignity of the State of Ohio, being: Nonsupport, a misdemeanor of the first degree."

On July 25, 1991, Harding filed a motion to dismiss, contending that prosecution under R.C. 2919.21(A)(4) was improper. A hearing on the motion was held on October 8, 1991 and the court overruled the same finding it to be without merit.

The matter was scheduled for a jury trial on October 18, 1991. At that time, Harding entered a plea of no contest and was found guilty. Harding was fined $1,000 plus costs and sentenced to six months' imprisonment in the Greene County Jail. The jail sentence and $900 of the fine were suspended on the condition that no future violations occur and that Harding begin making regular payments of alimony to his ex-wife in the amount of $65 per week, of which $50 was a weekly payment of alimony and $15 was a payment toward arrearages.

It is from this judgment that appellant now appeals.

In his first of two assignments of error, appellant contends that in passing judgment upon a plea of no contest, it is error for the court to consider the record of a judgment in a civil action as admissible evidence.

Harding cites *State v. Snyder* (1952), 157 Ohio St. 15, 47 O.O. 24, 104 N.E.2d 169, and *State v. Oppenheimer* (1975), 46 Ohio App.2d 241, 75 O.O.2d 404, 348 N.E.2d 731, in support of the proposition that a record of the judgment in a civil action is not admissible in a criminal prosecution to establish essential facts necessary for a conviction of the offense charged.

However, as appellee points out, the Franklin County Court of Appeals, in *State v. Nelms* (Oct. 6, 1981), Franklin App. No. 81AP–339, unreported, 1981 WL 3511, has addressed this issue at 2–4:

"In his first assignment of error, defendant argues that it was error for the trial court to admit the record of the earlier judgment, entered in a dependency action and ordering him to pay support for Claude Nelms, citing as authority for his proposition the Supreme Court's opinion in *State v. Snyder* (1952), 157 Ohio St. 15 [47 O.O. 24, 104 N.E.2d 169], and our opinion in *State v. Oppenheimer* (1975), 46 Ohio App.2d 241 [75 O.O.2d 404, 348 N.E.2d 731].

"The first syllabus to the opinion in *State v. Snyder* reads as follows:

" 'The record of a judgment in a civil action is not admissible in a criminal prosecution to establish the facts essential to a conviction of the offense charged.'

"In *State v. Snyder*, the accused had been charged with failure to support his children under a former statute which provided criminal sanctions against a person ' * * * charged by law with the * * * support * * * of a legitimate or illegitimate child under eighteen years of age * * * ' who failed to support the child. The Supreme Court held that a divorce decree holding that the

children involved were the issue of the accused could not be used to prove that he was charged by law with the support of the children. In other words, the Supreme Court held that the divorce decree could not be used as a substitute for proof beyond a reasonable doubt, in a criminal prosecution, that the accused was the father of the children, and had a duty to support them.

"Unlike the statute in *State v. Snyder,* R.C. 2919.21(A)(4) does not require proof that defendant is the father of Claude Nelms in order to establish that defendant has a duty to support that child; instead, the identity of the child entitled to benefit from the duty to support is furnished by proof, beyond a reasonable doubt, of the existence of a court order or decree.

"In *State v. Oppenheimer,* this court was concerned with a prosecution brought under subdivision (A)(2) of R.C. 2919.21. We held that a divorce decree cannot be used to establish 'the duty of defendant to provide adequate support and the amount that would constitute such adequate support.' 46 Ohio App.2d at 250 [75 O.O.2d at 409, 348 N.E.2d at 739]. What we sought to prohibit there was the use of a divorce decree to establish the amount of support that would be adequate for purposes of the criminal prosecution, and we said that proof beyond a reasonable doubt would be required on that issue; the fact that defendant had not paid the amount of support ordered in the civil decree could not be used to establish the accused's failure to provide adequate support.

"Neither *State v. Snyder* nor *State v. Oppenheimer* prohibited the use, in a prosecution brought under subdivision (A)(4) of R.C. 2919.21, of a court order or decree arising out of a civil action to establish that Claude Nelms is a person whom by court order defendant is legally obligated to support. The state was still left with the burden of proving, under division (A) of R.C. 2919.21, that defendant failed to provide adequate support for Claude Nelms, which involved proof of the need of support from defendant. *State v. Oppenheimer, supra.* That proof was supplied by stipulations of fact entered into by the parties establishing that Claude Nelms was a ward of the Franklin County Common Pleas Court, committed to the Franklin County Children Services Board, and that defendant had not paid money for his support.

"The first assignment of error is overruled."

We find *State v. Nelms* to be dispositive of appellant's first assignment of error. In the instant case, the use of the court order was for the sole purpose of establishing the existence of an order or decree ordering Harding to pay support, an element of the offense, as required by R.C. 2919.21(A)(4).

Parenthetically, it must also be noted that due to the fact that there is no transcript from the court's proceedings below, this court finds nothing in the record to indicate that the trial court did or did not consider the court order.

Appellant's first assignment of error is overruled.

In his second assignment of error, appellant contends that when a motion to dismiss is filed by the defendant after a prosecution is brought under R.C. 2919.21(A)(4) to enforce an alimony award contained in a divorce decree, it is error for the court to overrule that motion.

It is Harding's contention that it was improper to charge him with a violation of R.C. 2919.21(A)(4) for failure to pay alimony, when that section applies to child support and not alimony.

To the extent that the support was ordered as alimony, we find that prosecution under R.C. 2919.21(A)(4) was proper.  R.C. 2919.21(A)(4) states:

"(A) No person shall abandon, or fail to provide adequate support to:

"* * *

"(4) *Any person whom, by law or by court order or decree, the offender is legally obligated to support.*"  (Emphasis added.)

The court in *State v. Nelms* held that a person could be criminally prosecuted for his failure to pay support.  Alimony is support for the spouse and, as such, failure to pay alimony can result in a criminal prosecution and conviction under the above section.  Appellant's second assignment of error is overruled.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

WILSON and GRADY, JJ., concur.