Defendant-appellant, Curtis Williams, appeals from his convictions for failing to provide adequate support for his son in violation of R.C. 2919.21.
After appellant admitted paternity of Curtis Hooks, the Butler County Court of Common Pleas, Juvenile Division ("Juvenile Court"), ordered appellant to pay $90 per week in child support, effective July 22, 1993. Appellant made five child support payments in the fall of 1993 but failed to make any further payments after November 15, 1993.
Due to appellant's failure to comply with the child support order, the Butler County Child Support Enforcement Agency ("BCCSEA") filed a contempt motion in the Juvenile Court on April 15, 1994. On May 18, 1994, appellant appeared at a contempt hearing and was informed that he could file a motion to modify his child support obligation. Thereafter, appellant did not make any further child support payments and did not attempt to modify the child support order. As a result, the Juvenile Court found appellant in contempt on July 6, 1994, and he received a suspended sentence of thirty days in jail pending compliance with the child support order. Appellant failed to make any further child support payments, and a warrant was issued for his arrest on October 4, 1994.
On November 18, 1996, appellant was indicted on two counts of failing to provide adequate support for Curtis. The first count of the indictment alleged that appellant violated R.C.2919.21(A)(2) by failing to provide adequate support for Curtis, his minor child. The indictment further alleged that appellant failed to provide adequate support for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks, thereby making this charge a fourth degree felony pursuant to R.C. 2919.21(E). The second count of the indictment alleged that appellant violated R.C. 2919.21(A)(4), a first degree misdemeanor, by failing to provide adequate support for Curtis, a person who he was legally obligated to support by court order. Each count of the indictment alleged that appellant failed to provide adequate support from September 22, 1993 through September 30, 1996.
After a bench trial on September 17, 1997, the trial court found appellant guilty on both counts of the indictment. The trial court subsequently imposed concurrent sentences of six months imprisonment and ordered appellant to pay $20,043 in restitution.
On appeal, appellant assigns two assignments of error:
Assignment of Error No. 1:
 THE CONVICTION OF THE DEFENDANT BY THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN ITS INTERPRETATION OF R.C. 2919.21(A)(2) AND (4) RESULTING IN THE WRONGFUL CONVICTION OF THE DEFENDANT.
In his first assignment of error, appellant asserts that his convictions were against the manifest weight of the evidence. In his second assignment of error, appellant asserts that the trial court erred by misconstruing the elements required for a violation of R.C. 2919.21(A)(2) and (4). In both assignments, appellant argues that the trial court erred by finding him guilty based upon his failure to comply with the child support order without determining whether he was actually providing adequate support to Curtis. Therefore, since these assignments are interrelated, they will be considered together.
Appellant was convicted of violating R.C. 2919.21(A)(2) and (4) which provide:
 (A) No person shall abandon, or fail to provide adequate support to:
 (2) His or her legitimate or illegitimate child who is under age eighteen.
 (4) Any person whom, by law or by court order or decree, the offender is legally obligated to support.
The following specification was also found applicable to appellant's conviction under R.C. 2919.21(A)(2):
 (E) Whoever violates division (A) of this section is guilty of nonsupport of dependents, a misdemeanor of the first degree. If there has been a court finding that the offender has failed to provide support under division (A)(2) of this section for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks, then a violation of division (A)(2) of this section is a felony of the fourth degree.
It is undisputed that Curtis is the minor child of appellant as required by R.C. 2919.21(A)(2). Further, it is undisputed that appellant was legally obligated to support Curtis pursuant to a child support order as required by R.C. 2919.21(A)(4). Thus, the only issues presented for our review are whether appellant failed to provide "adequate support" within the meaning of R.C.2919.21(A) and, if so, whether appellant failed to provide "adequate support" for the period of time set forth in R.C.2919.21(E). See State v. Parsley (1994), 93 Ohio App.3d 788,791.
A court order for child support may be used to establish that a defendant is legally obligated to support a person as required by R.C. 2919.21(A)(4). State v. Harding (1992), 81 Ohio App.3d 619,622. However, merely introducing evidence that a defendant has not complied with a child support order is insufficient to establish that the defendant failed to provide "adequate support" within the meaning of R.C. 2919.21(A). State v. Cole (1994),94 Ohio App.3d 629, 637-638; Harding at 622. Instead, a court must examine the surrounding circumstances, including the child's need for support, in order to determine whether a defendant has provided "adequate support." Harding at 621-622, quoting State v. Nelms (Oct. 6, 1981), Franklin App. No. 81AP-339, unreported, at 2-4.
In the present case, appellant only made five child support payments, as required by the child support order, in the fall of 1993, for a total of $450. Although appellant testified that he always provided "adequate support" to Curtis despite his failure to comply with the child support order, "the weight to be given the evidence and the credibility of the witnesses are primarily issues to be decided by the trier of fact." State v. Burdine-Justice (Mar. 30, 1998), Clermont App. No. CA97-05-052, unreported, citing, State v. Bell (Jan. 26, 1998), Madison App. No. CA96-07-027, unreported. Further, since Curtis' mother received aid for dependent children for Curtis from November 1992 to June 1994, the prosecution presented evidence that Curtis had a need for further support from appellant. See Harding at 621-622. Accordingly, we conclude that the surrounding circumstances support the trial court's determination that appellant failed to provide "adequate support" for Curtis.
Appellant argues that the prosecution failed to show that he failed to provide "adequate support" for the period of time set forth in R.C. 2919.21(E). In support of this argument, appellant relies upon his own testimony and the testimony of several other defense witnesses. Appellant testified that Curtis started visiting him in 1992. Appellant further testified that the length of these visits gradually increased and by the spring of 1994, Curtis was living with him "full time." Although the testimony of the other defense witnesses was somewhat inconsistent, they essentially testified that in August 1994, appellant had custody of Curtis "off and on." The defense witnesses further testified that by late 1994 or early 1995, appellant had custody of Curtis "full time."
Appellant's testimony that he had custody of Curtis "full time" by the spring of 1994 directly conflicted with the testimony of the other defense witnesses. Further, appellant's testimony is inconsistent with his actions during the contempt proceedings that were conducted in Juvenile Court since he never sought to modify his child support obligation. Thus, it is evident that the trial court did not find his testimony credible.
The other defense witnesses testified that appellant did not have "full time" custody of Curtis until late 1994 or early 1995. However, it is undisputed that appellant failed to make any child support payments after November 1993 and Curtis' mother received aid for dependent children for Curtis through June 1994. Thus, even if the trial court found the testimony of the defense witnesses credible, the evidence supports the trial court's determination that appellant failed to pay "adequate support" to Curtis for a twenty-six week period out of a period of one hundred four weeks as set forth in R.C. 2919.21(E).
In short, after reviewing the entire record, weighing the evidence and all reasonable inferences, we conclude that appellant's convictions are not against the manifest weight of the evidence. See State v. Thompkins (1997), 78 Ohio St.3d 380, 389. In addition, we conclude that the trial court did not err by misconstruing the elements required for a violation of R.C.2919.21(A)(2) and (4). Accordingly, appellant's first and second assignments of error are overruled. However, in reviewing the record, this court has found a sentencing error that was not raised by appellant. We have raised this error sua sponte since a sentence not authorized by statute is void. State v. Bruce (1994), 95 Ohio App.3d 169, citing State v. Thomas (1992),80 Ohio App.3d 452, 458.
Appellant's sentence included an order to pay restitution of $20,043. Although the judgment entry does not indicate whether the restitution was ordered for appellant's felony conviction or for his misdemeanor conviction, we find that the trial court lacked the authority to require appellant to pay restitution as part of his sentence for either of these convictions.
Former R.C. 2929.11(E) governed the authority of a trial court to order restitution for a felony and provided:
 The court may require a person who is convicted of or pleads guilty to a felony to make restitution for all or part of the property damage that is caused by his offense and for all or part of the value of the property that is the subject of any theft offense, as defined in division (K) of section 2913.01 of the Revised Code, that the person committed.
R.C. 2929.21(E) governs the authority of a trial court to order restitution for a misdemeanor and provides:
 The court may require a person who is convicted of or pleads guilty to a misdemeanor to make restitution for all or part of the property damage that is caused by his offense and for all or part of the value of the property that is the subject of any theft offense, as defined in division (K) of section 2913.01 of the Revised Code, that the person committed.
The term "property damage" in R.C. 2929.11(E) and R.C. 2929.21(E) does not include past due child support. State v. Herring (1993),88 Ohio App.3d 228, 229; State v. Ashley (1991), 74 Ohio App.3d 92,93-94. Further, failing to provide adequate child support is not a theft offense defined in R.C. 2913.01(K). Herring at 229. Thus, the trial court did not have authority to require appellant to pay restitution for past due child support as part of his sentence. See Herring at 229-230; Ashley at 93-94.
Based upon the foregoing, appellant's sentence is vacated and this cause is remanded to the trial court for resentencing. We note that although restitution for past due child support may not be imposed as part of appellant's sentence, a trial court may order restitution as a condition of probation. Id. If restitution is ordered as a condition of probation upon remand, the amount of the child support arrearage should be calculated by the juvenile court and the BCCSEA should fix the amount of weekly payments pursuant to R.C. 3113.04. See Ashley at 94; State v. Lizanich (1994), 93 Ohio App.3d 706, 711.
Judgment is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
KOEHLER and WALSH, JJ., concur.