The STATE of Ohio, Appellee,

v.

BRUNO, Appellant.

[Cite as *State v. Bruno*, 184 Ohio App.3d 126, 2009-Ohio-4772.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–07–053.

Decided Sept. 11, 2009.

Mark E. Mulligan, Ottawa County Prosecuting Attorney, and Lorain Croy, Assistant Prosecuting Attorney, for appellee.

Ron Nisch, for appellant.

PIETRYKOWSKI, Judge.

{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas that found defendant-appellant, Thomas W. Bruno, guilty of four counts of criminal nonsupport, all fifth-degree felonies. Appellant was sentenced to five years of community control, subject to the general conditions of community control, and now appeals, raising the following assignments of error:

{¶ 2} "I. The state presented insufficient evidence on which the trial court could base convictions as to Counts Five, Six, Seven and Eight of the indictment,

and the verdict of the trial court as to these Counts was against the manifest weight of the evidence.

{¶ 3} "II. Defendant-appellant was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

{¶ 4} "III. The trial court's denial of defendant-appellant's motions for relief from the judgment, which convicted the appellant of four counts of the indictment, was an abuse of discretion.

{¶ 5} "IV. The failure of the state to allege or offer proof of mens rea, and the failure of the trial court to consider such element in its conviction, was a structural error requiring reversal, or alternatively was plain error likewise requiring reversal of the conviction of the appellant."

{¶ 6} The relevant facts of this case are as follows. On April 5, 1995, the marriage between appellant and his former wife, Lisa Bruno, was dissolved by a final judgment entered by the Circuit Court of the Fifteenth Judicial Circuit of Florida. As part of that judgment, appellant was ordered to pay child support for his two daughters in the sum of $1,650 per month. In December 1995, appellant was terminated from his job. The termination was involuntary and it was not attributable to any misconduct or nonperformance on his part. Sometime in 1997, appellant filed in the Florida court a petition for modification of his child-support obligation. In a judgment of June 30, 1999, the Florida court granted appellant's petition for modification and ordered that his child-support obligation be reduced to $192 per month, commencing on July 1, 1999. The Florida court, however, also determined that because the past-due child-support obligations had become vested property rights that were not subject to retroactive modification except in extraordinary and compelling circumstances, the reduced child-support obligation was not retroactive. The court therefore determined that appellant had past-due child-support, health-insurance, and medical and dental obligations totaling nearly $60,000. Accordingly, in addition to the reduced monthly support obligation ordered by the court, the court ordered appellant to pay $200 per month toward the arrearages until they were paid in full. Finally, in the same judgment, the court also granted Lisa Bruno's motion to relocate to Ohio with the former couple's one minor daughter. (The oldest daughter had since become emancipated.) Thereafter, the Florida court amended its June 29, 1999 judgment and increased appellant's monthly child-support obligation to $292 per month, commencing July 1, 1999.

{¶ 7} Subsequently, Lisa Bruno filed an action in the Ottawa County Court of Common Pleas. See *Bruno v. Bruno*, Ottawa County Case No. 02–DRI–277. On April 14, 2004, that court issued a judgment entry that, inter alia, found appellant in contempt for failure to pay child support. The court determined that as of

January 13, 2003, appellant's child-support arrearage totaled $60,725. The court further found that appellant had failed to pay child support in the amount of $43.50 in 1999, $1,076.50 in 2000, $549.75 in 2001, $1,303 in 2002, and $296 in January 2003. In addition, the court found that appellant owed his former wife $2,167.18 for reimbursement of uninsured medical expenses. After evaluating the parties' current incomes, the court modified appellant's child-support obligation and ordered appellant to pay Lisa Bruno child support totaling $476.33 per month plus $250 per month toward the arrearage.

{¶ 8} On August 30, 2004, appellant was indicted and charged with eight counts of failure to pay child support, all fifth-degree felonies. Counts 1, 3, 5, and 7 alleged that appellant failed to pay adequate support for his child for a total accumulated period of 26 weeks out of 104 consecutive weeks for the time periods of June 1, 1997, to May 31, 1999 (Count 1); August 24, 1998, to August 23, 2000 (Count 3); August 24, 2000, to August 23, 2002 (Count 5); and August 24, 2002, to August 23, 2004 (Count 7), all in violation of R.C. 2919.21(A)(2) and all fifth-degree felonies. Counts 2, 4, 6, and 8 alleged that appellant failed to provide support as established by a court order for a total accumulated period of 26 weeks out of 104 consecutive weeks for the time periods of June 1, 1997, to May 31, 1999 (Count 2); August 24, 1998, to August 23, 2000 (Count 4); August 24, 2000, to August 23, 2002 (Count 6); and August 24, 2002, to August 23, 2004 (Count 8), all in violation of R.C. 2919.21(B) and all fifth-degree felonies.

{¶ 9} On June 14, 2004, appellant filed a motion to dismiss all charges against him. With regard to Counts 1 through 4, appellant asserted that the statute of limitations for felony offenses, six years, had run on the time periods alleged in those counts. With regard to all the charges, appellant asserted that the lower court did not have jurisdiction to enforce the child-support order from the state of Florida. On June 14, 2005, the case proceeded to a trial to the bench. Initially, however, the court addressed the motion to dismiss. After hearing arguments on the issues, the court denied the motion to dismiss. Appellant and the state, however, then agreed to stipulate to the complete file of the Ottawa County Child Support Agency and to the court's taking judicial notice of the file in *Bruno v. Bruno*, Ottawa County Common Pleas Case No. 02–DRI–277. Those files were comprised of the payment history of appellant in the Florida case. The court accepted the evidence, and the state rested. After conferring with appellant, appellant's trial counsel stated that he would not be presenting any witnesses. The court then asked the parties to submit their final arguments in writing and the trial was concluded.

{¶ 10} In a decision and order dated September 26, 2005, the lower court found appellant guilty of Counts 5, 6, 7, and 8 of the indictment. The court, however, also revisited appellant's motion to dismiss and determined that it did not have

jurisdiction over appellant until the minor child moved to Ohio in July 1999. The court, therefore, dismissed Counts 1, 2, 3, and 4 of the indictment. With regard to Counts 5 and 7, the charges that appellant failed to adequately support his child in violation of R.C. 2919.21(A)(2), the court determined that given the records of the Ottawa County CSEA and the Florida Child Support Agency, the state demonstrated that appellant's failure to meet his child-support obligations resulted in inadequate support to his child. The court next addressed Counts 6 and 8, which charged that appellant had failed to support a person whom he was legally obligated to support, in violation of R.C. 2919.21(B). The court first addressed the issue whether there was a valid court order or decree obligating appellant to provide support. While the court determined that there was a valid decree, the court stated that the Ottawa County court did not have jurisdiction to modify the Florida decree and, so, found that the valid decree was that from the Florida court ordering appellant to pay $292 per month commencing on July 1, 1999. The court therefore found that the $9,088.04 in child support that appellant had paid from October 1, 2003, through May 31, 2005, exceeded the amount ordered by the Florida court by $3,248.40. Nevertheless, because the Florida court also ordered appellant to pay $200 per month on a $60,000 arrearage, until paid in full, the lower court found that the state properly prosecuted appellant under R.C. 2919.21(B) for the arrearage. Based on the child-support records submitted to the court, the court determined that the state had met its burden of proof and found appellant guilty of Counts 6 and 8.

{¶ 11} Appellant subsequently filed a motion to continue the sentencing date or, in the alternative, for reconsideration and/or to vacate the decision and order finding him guilty of the counts stated above. Appellant asserted that the Florida child-support records, upon which the lower court relied in part, were faulty and that a motion for a child-support accounting had been filed in the Florida court to determine the actual amount of support due. Therefore, appellant claimed that the convictions under R.C. 2919.21(B) may have been based on faulty evidence. Appellant therefore requested a stay of further proceedings until the Florida court could determine the accuracy of the evidence relied upon by the lower court. Appellant further requested that the court reconsider or vacate its decision and order of conviction on the grounds that the evidence stipulated to was erroneous and could not support the convictions. The lower court granted appellant's motion to continue the sentencing date, but did not rule on the remaining portions of the motion.

{¶ 12} The proceedings in the Florida court lagged and appellant refiled his motion to continue, for reconsideration, and/ or to vacate several times. In those motions, appellant updated the lower court on the proceedings in Florida and asked to present new evidence to the court, including evidence that the Florida

child-support-enforcement agency had already credited appellant's child-support payment account by approximately $16,000. Finally, on October 30, 2007, appellant filed another motion to continue sentencing, renewing the prior motions and also seeking a new trial. The court summarily denied the motion and set the matter for sentencing.

{¶ 13} At the sentencing hearing of November 2, 2007, the court sentenced appellant to five years of community control. Before imposing sentence, however, the court addressed the record in this case and stated as follows:

{¶ 14} "We have rescheduled sentencing in this case multiple times. I can't even—I am not in possession of the number, but I was leafing through the rescheduling assignments, and there are many, all with a view toward trying to resolve what the actual support obligation is.

{¶ 15} "To be brief and summary in the matter, the Florida records have now been determined to be in utter chaos. The Ohio support requirements are based upon the Florida records. The entire evidence at the trial was the Florida records.

{¶ 16} "Mr. Nisch, Mr. Sandwisch before him, and Mr. Bahnsen, the probation officer, have been working diligently on this case for years in order to reach some certainty as to what Mr. Bruno's obligations are.

{¶ 17} "At this juncture, it can't be done.

{¶ 18} "We do know what the current support obligation is from the C.S.E.A. in Ottawa County, and we know that the whole matter in Florida is going back into the courts in February for a total review, so that is the background of this case."

{¶ 19} Thereafter, the lower court filed its sentencing judgment entry. It is from that entry and the underlying decision and order that appellant now appeals.

{¶ 20} In his first assignment of error, appellant asserts that his convictions were based on insufficient evidence and were against the manifest weight of the evidence.

{¶ 21} Sufficiency of the evidence and manifest weight of the evidence are quantitatively and qualitatively different legal concepts. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. Sufficiency of the evidence is purely a question of law. Id. Under this standard of adequacy, a court must consider whether the evidence was sufficient to support the conviction, as a matter of law. Id. The proper analysis is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

*State v. Williams* (1996), 74 Ohio St.3d 569, 576, 660 N.E.2d 724. A conviction that is based on legally insufficient evidence constitutes a denial of due process, and will bar a retrial. *Thompkins* at 386–387, 678 N.E.2d 541.

{¶ 22} In contrast, a manifest-weight challenge questions whether the state has met its burden of persuasion. Id. at 387, 678 N.E.2d 541. In making this determination, the court of appeals sits as a "13th juror" and, after " 'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.' " Id., quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 485 N.E.2d 717.

{¶ 23} Appellant was convicted of two counts of nonsupport in violation of R.C. 2919.21(A)(2) and two counts of nonsupport in violation of R.C. 2919.21(B). Section (A)(2) of the statute reads: "No person shall abandon, or fail to provide adequate support to: * * * (2) The person's child who is under age eighteen, or mentally or physically handicapped child who is under age twenty-one." Section (B) of the statute reads: "No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support." A violation of either of these provisions is elevated from a first-degree misdemeanor to a fifth-degree felony when the offender has failed to provide support "for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks, whether or not the twenty-six weeks were consecutive." R.C. 2919.21(G)(1). It is well established that a violation of R.C. 2919.21(A)(2) or (B) is not a strict-liability offense but, rather, must be based on a showing of recklessness. *State v. Collins* (2000), 89 Ohio St.3d 524, 733 N.E.2d 1118; *State v. Alexander*, 1st Dist. No. C–030647, 2004-Ohio-5995, 2004 WL 2565875, ¶ 15. "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist." R.C. 2901.22(C).

{¶ 24} To restate, R.C. 2919.21(A)(2) provides that "no person shall abandon, or fail to provide adequate support to * * * [t]he person's child who is under age eighteen." A number of courts have held that a criminal prosecution under R.C. 2919.21(A)(2) requires "a determination of the adequacy of support."

*State v. Jones* (June 19, 1995), 12th Dist. No. CA94–11–094, 1995 WL 367197; see also *State v. Mobley,* 2d Dist. No. 19176, 2002-Ohio-5535, 2002 WL 31316067, ¶ 23; *State v. Yacovella* (Feb. 1, 1996), 8th Dist. No. 69487, 1996 WL 38898; *State v. Rogers* (Dec. 23, 1994), 11th Dist. No. 93–L–180, 1994 WL 738447. "Such a determination require[s] an inquiry into more than whether appellant had paid support as the court had ordered. The statutory standard necessitates an evaluation of the surrounding circumstances, including the needs of the child and the needs and resources of the custodial parent." *Rogers* at *2, citing *State v. Oppenheimer* (1975), 46 Ohio App.2d 241, 75 O.O.2d 404, 348 N.E.2d 731.

{¶ 25} In the present case, the trial court, as noted in footnote 16 of the September 26, 2005 decision and order, simply looked to the CSEA and Florida Child Support Agency records showing payments in concluding that appellant had failed to pay adequate support. In our view, the trial court's conclusion was not supported by sufficient evidence. There is nothing in these records from which a court could determine the needs of the child and the resources of the custodial parent. By simply looking to the history of support payments to determine whether appellant had failed to pay adequate support, the lower court failed to differentiate a prosecution for failure to pay adequate support under R.C. 2919.21(A)(2) from a prosecution for failure to pay support as ordered by a court under R.C. 2919.21(B). Accordingly, appellant's convictions for violations of R.C. 2919.21(A)(2) must be vacated.

{¶ 26} With regard to appellant's convictions for failure to pay support as ordered by a court, the lower court determined that because appellant had not paid the amount due on the arrearage during the time periods in question, he was guilty of those charges. It has been held that "an 'arrearage only' order can be the basis of a prosecution under R.C. 2919.21." *State v. Dissinger,* 5th Dist. No. 02–CA–A–02–010, 2002-Ohio-5301, 2002 WL 31270151, ¶ 12. Recklessness, however, is an element of the offense. Although the trial court acknowledged in footnote 17 of its September 25, 2005 decision and order that recklessness was an element of the offense, the court again simply looked at appellant's payment history and concluded that because he had not made absolutely every single payment in full, he was guilty of violating R.C. 2919.21(B). That is, the court viewed it as a strict-liability offense. The only evidence submitted for the court's review below were the child-support-payment records from Ottawa County, which were based on and included the child-support-payment records from Palm Beach County, Florida. The Florida records regarding appellant's child-support-payment history are in chaos. The trial court below acknowledged as much at the sentencing hearing. Indeed, between the time of the court's judgment finding appellant guilty of the four offenses and the date of appellant's sentencing, the Florida child-support agency had conducted an audit and had credited appellant's

support-payment records by some $16,000. There is nothing in the record to indicate what time periods this credit covers. Therefore, there is nothing in the record to indicate what effect this credit had on the 26 out of 104 consecutive-week calculation set forth in R.C. 2919.21(G)(1), which the court determined that appellant had violated. Moreover, as the trial court noted at the sentencing hearing, the entire matter was going back to the Florida court for a total review. Nevertheless, the lower court proceeded to sentence appellant for the felony-level offenses set forth above.

{¶ 27} Under these circumstances, we must conclude that the lower court's convictions of appellant for violations of R.C. 2919.21(B), failure to pay support pursuant to a court order for a total accumulated period of 26 weeks out of 104 consecutive weeks, were not supported by sufficient evidence. How could the court find that appellant was reckless in failing to abide by a court order to pay support when the court itself, as well as the Florida court from which the support order originated, could not determine what appellant owed? Indeed, the Florida Child Support Agency had already credited appellant some $16,000. But does this credit apply to the time period charged in Count 6 or the time period charged in Count 8? In reaching this conclusion, we recognize the unique holding in this case. Given, however, the state of the record that was before the trial court, the lower court's recognition of the state of that record, and the fact that the underlying facts upon which the court based its conviction changed between the time of conviction and sentence, we find that we have no choice but to vacate those convictions.

{¶ 28} The first assignment of error is well taken.

{¶ 29} Given our ruling on the first assignment of error, we need not address the remaining assignments of error.

{¶ 30} On consideration whereof, the court finds that appellant was prejudiced and prevented from having a fair trial, and we vacate the judgment of the Ottawa County Court of Common Pleas. Appellee is ordered to pay the court costs of this appeal pursuant to App.R. 24.

Judgment vacated.

HANDWORK, P.J., and SINGER, J., concur.