DAYTON BAR ASSOCIATION *v.* MOORE.

[Cite as Dayton Bar Assn. v. Moore
(1976), 46 Ohio St. 2d 241.]

(D. D. No. 76-5—Decided May 19, 1976.)

242

Messrs. *Young & Alexander* and *Mr. Neil F. Freund*, for relator.

Messrs. *Bieser, Greer & Landis* and *Mr. David C. Greer*, for respondent.

*Per Curiam.* The basis for the complaint instituted by relator is the willful failure of respondent to file income tax returns for the indicated years. The question of respondent's mental condition was placed in issue as a defense to the government's charges. The United States Court of Appeals for the Sixth Circuit, in its affirmance order, stated:

"There was ample evidence to go to the jury on the question of the mental capacity of the appellant [respondent] who had practiced his profession throughout the period herein involved and from which he received the income that should have been reported in the returns he failed to file. There was no error of the court in failing to rule as a matter of law that the appellant was mentally ill.

" * * *

" * * * Since there was ample evidence for the jury to find beyond a reasonable doubt that the appellant had the mental capacity to know right from wrong and to adhere to the right, the judgment of the District Court should be affirmed."

The board in its finding of fact found that respondent violated DR1-102(A) (3), (4) and (6) of the Code of Professional Responsibility, in that he engaged in illegal conduct involving moral turpitude, engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, and en-

gaged in conduct that adversely reflects on his fitness to practice law.

Gov. R. V(2) (b) recites the jurisdiction of the board of commissioners concerning the mental illness of any attorney. Gov. R. V(5) (b) states that "mental illness shall mean the condition defined in R. C. 5122.01(A)," *i. e.*, "an individual having an illness which substantially impairs the capacity of the person to use self-control, judgment, and discretion in the conduct of his affairs * * *."

The following is the July 15, 1975, recommendation of the two psychiatrists who examined the respondent, and their report was jointly stipulated by relator and respondent:

"It is our opinion that Mr. Moore should continue in psychotheraphy with his present psychiatrist, Dr. Sturgis, who in turn will determine his need for medication and will establish the frequency of the psychotherapy sessions. It is further our opinion that Mr. Moore, at the present time, is not able to handle the stresses of a law practice. However, he should be given the opportunity to continue in treatment with Dr. Sturgis and when fully reconstituted, he should be allowed to return to the practice of his profession. At that time, the highly regarded opinion of his attending psychiatrist, Dr. Sturgis should be considered for proper disposition of the case."

This court is fully cognizant of Mr. Moore's mental problems. However, from the evidence presented we cannot conclude as a matter of law that his condition is such that it comports with the requirements of mental illness as defined in Gov. R. V (5) (b).

In view of the board's finding of fact as to respondent's misconduct, we find that respondent's conviction for willful failure to file income tax returns for five years violated this court's 1962 order.

For that reason, the respondent hereby is indefinitely suspended from the practice of law.

*Judgment accordingly.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.