DECISION AND JUDGMENT ENTRY
This is an appeal from a Lawrence County Common Pleas Court judgment of conviction and sentence. The jury found Melvin Garrison, defendant below and appellant herein, guilty of criminal nonsupport, in violation of R.C. 2919.21. The trial court sentenced appellant to five years of community control.
Appellant raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT COMMITTED PLAIN ERROR IN ALLOWING THE INTRODUCTION INTO EVIDENCE OF AN INVALID CHILD SUPPORT ORDER AS THE BASIS FOR COUNTS TWO AND FOUR OF THE INDICTMENT."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN NOT PERMITTING MR. GARRISON TO INTRODUCE EVIDENCE OR ELICIT TESTIMONY THAT JASON AND JEREMY GARRISON RECEIVED ADEQUATE FINANCIAL SUPPORT AT ALL RELEVANT TIMES."
THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ABUSED ITS DISCRETION BY NOT GRANTING MR. GARRISON'S NEW TRIAL MOTION, WHICH RAISED THE ERROR OF LAW COMMITTED WHEN THE COURT DID NOT ALLOW EVIDENCE THAT JASON AND JEREMY RECEIVED ADEQUATE FINANCIAL SUPPORT AT ALL RELEVANT TIMES."
FOURTH ASSIGNMENT OF ERROR:
 "MR. GARRISON WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL, A RIGHT SECURED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION, WHEN COUNSEL FAILED TO RAISE ISSUES THAT WOULD HAVE CHANGED THE OUTCOME OF THE TRIAL, AND FAILED TO OBJECT TO MR. GARRISON'S SENTENCE."
FIFTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED, IN VIOLATION OF R.C. 2953.08, IN SENTENCING MR. GARRISON TO FIVE YEARS OF COMMUNITY CONTROL."
Our review of the record reveals the following facts pertinent to the instant appeal. In March 1978, appellant and Sherri Tompert (now Davidson) were married. During the marriage, the parties had two children: Jason Garrison, date of birth February 22, 1980; and Jeremy Garrison, date of birth December 31, 1982. In November of 1984, a New Jersey court issued a decree of divorce, thus terminating the parties' marriage. Pursuant to a separation agreement incorporated into the divorce decree, the parties agreed that appellant would pay child support in the amount of $100 per week until the children reached the age of eighteen. Shortly after the parties' divorce, the parties returned to live in Ohio.[1]
In 1991, Ms. Davidson filed a complaint in Lawrence County, Ohio, seeking an increase in the amount of child support. On January 29, 1992, the Lawrence County Common Pleas court increased appellant's child support obligation to $160 per week.
In 1993, appellant became unemployed. Beginning in May of 1994 and continuing through September of 1998, appellant did not pay any child support.
On September 29, 1998, the Lawrence County Grand Jury returned an indictment charging appellant with two counts of misdemeanor nonsupport and two counts of felony nonsupport, both in violation of R.C. 2919.21.[2]
The trial court held a jury trial, after which the jury found appellant guilty of the four counts charged in the indictment.
On July 9, 1999, appellant filed a motion for a new trial. Appellant argued, inter alia, that the trial court's exclusion of evidence that appellant's children received adequate support from a third party materially prejudiced his defense. On July 21, 1999, the trial court overruled appellant's motion for a new trial.
Prior to sentencing, the state elected to proceed only on counts one and three of the indictment.[3] On July 21, 1999, the trial court found appellant guilty of counts one and three, and sentenced appellant to five years of community control, including six months in the Lawrence County Jail. Appellant filed a timely notice of appeal.
 I
In his first assignment of error, appellant argues that the trial court erred by permitting the state to introduce evidence of the January 29, 1992 Lawrence County order increasing appellant's support obligation. Appellant asserts that the Lawrence County Common Pleas Court lacked subject matter jurisdiction to increase the amount of support. Thus, appellant contends, because the court lacked jurisdiction to modify the New Jersey court's support order, the January 29, 1992 order is invalid. Appellant posits that counts two and four of the indictment are based upon the allegedly invalid order. Appellant thus argues that this court must reverse his convictions on counts two and four of the indictment.
We initially note that appellant did not object to the admission of the January 29, 1992 court order during the trial court proceedings. Thus, in the absence of plain error, appellant has waived any error. See, e.g., State v. Robb (2000),88 Ohio St.3d 59, 75, 723 N.E.2d 1019, 1040; State v. Lindsey
(2000), 87 Ohio St.3d 479, 482, 721 N.E.2d 995, 1001. We may only reverse appellant's conviction if the complained of error affects one of appellant's substantial rights. See Crim.R. 52(B); see, also, Lindsey, supra; State v. Slagle (1992),65 Ohio St.3d 597, 603, 605 N.E.2d 916, 924-25; State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus. An alleged error "does not constitute a plain error * * * unless, but for the error, the outcome of the trial clearly would have been otherwise." State v. Long (1978), 53 Ohio St.2d 91,372 N.E.2d 804, paragraph two of the syllabus; see, also, State v.Stojetz (1999), 84 Ohio St.3d 452, 455, 705 N.E.2d 329, 335. Furthermore, the Ohio Supreme Court has stated that Crim.R. 52(2) is to be invoked "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Landrum (1990), 53 Ohio St.3d 107, 111,559 N.E.2d 710, 717.
To find plain error, a court must find that: (1) error exists; (2) the error is plain; and (3) the error prejudiced the defendant. State v. Fields (1994), 97 Ohio App.3d 337, 344,646 N.E.2d 866, 871 (citing United States v. Olano (1992),507 U.S. 725, 732-34, 113 S.Ct. 1770, 1777-78, 123 L.Ed.2d 508); see, also, State v. Latson (Sept. 30, 1999), Cuyahoga App. No. 72921, unreported. Prejudice exists if the error "created a manifest injustice or seriously affected the `fairness, integrity or public reputation of [the] judicial proceedings.'" Fields,97 Ohio App.3d at 344, 646 N.E.2d at 871 (quoting Olano, 507 at 736,113 S.Ct. at 1779, 123 L.Ed.2d 508). We conduct our review accordingly.
The decision to admit or exclude evidence is within the sound discretion of the trial court. See State v. Kinley (1995), (citing State v. Apanovitch (1987), 33 Ohio St.3d 19, 25,514 N.E.2d 394, 401). Thus, the trial court's decision to admit or exclude relevant evidence cannot be reversed absent an abuse of discretion. Id.; State v. Combs (1991), 62 Ohio St.3d 278,581 N.E.2d 1071; State v. Sage (1987), 31 Ohio St.3d 173,510 N.E.2d 343; State v. Rooker (Apr. 15, 1993), Pike App. No. 483, unreported. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. See, e.g., State ex rel. Lee v. Montgomery (2000), 88 Ohio St.3d 233,235, 724 N.E.2d 1148, 1150; State ex rel. Duncan v. ChippewaTwp. Trustees (1995), 73 Ohio St.3d 728, 730, 654 N.E.2d 1254,1256; State v. Adamson (1998), 83 Ohio St.3d 248, 250,699 N.E.2d 478, 479. The abuse of discretion standard does not permit the reviewing court to substitute its judgment for that of the trial court's judgment. See, e.g., Chippewa Twp. Trustees,73 Ohio St.3d at 732, 654 N.E.2d at 1258; In re Jane Doe 1 (1991),57 Ohio St.3d 135, 137-38, 566 N.E.2d 1181, 1184.
In the case at bar, we find no abuse of the trial court's discretion to admit the evidence. Moreover, assuming for purposes of argument that the trial court erred by admitting evidence of the January 29, 1992 order, the outcome of the trial court proceedings would not have been different. Thus, appellant's suffered no prejudice and the plain error doctrine does not apply.
We note that the trial court "convicted" (found guilty and sentenced)[4] appellant of the two counts of nonsupport that did not specifically refer to the prior court order: counts one and three. Counts one and three fall within the prohibition set forth in R.C. 2919.21(A)(2). R.C. 2919.21(A)(2) provides that [n]o person shall * * * fail to provide adequate support to * * * "[t]he person's child who is under the age eighteen * * *." A conviction pursuant to R.C. 2919.21(A)(2) does not require evidence of a prior court order. Thus, the trial court could have convicted appellant on counts one and three even in the absence of any proof of a prior court order.
Moreover, we note that because the trial court did not "convict" appellant of counts two and four, we could not grant the relief appellant requests, i.e., that this court reverse his "convictions" on counts two and four. Thus, we need not address appellant's argument that the January 29, 1998 order was invalid.[5]
Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II
In his second assignment of error, appellant argues that the trial court erred by not permitting appellant to introduce evidence that his children received adequate financial support from a third party.
We again note that the decision to admit or exclude evidence is left to the sound discretion of the trial court. We will not disturb a trial court's evidentiary ruling unless the trial court abused its discretion. See Kinley, supra.
In the case at bar, we do not believe that the trial court abused its discretion by disallowing appellant the opportunity to present evidence regarding whether his children received adequate support from a third party. The state charged appellant with nonsupport of dependents. The nonsupport statute provides that no person shall fail to provide adequate support to the person's minor child. See R.C. 2919.21(A)(2). The statute does not require the state to demonstrate that the child is not receiving adequate support from any source. Rather, the statute requires the state to establish that a person responsible for the support of the child has failed to provide adequate support for that child. See State v. Schaub (1984), 16 Ohio App.3d 317,475 N.E.2d 1313; State v. Mays (Feb. 14, 1995), Franklin App. No. 94APA08-1150, unreported (both stating that the state need not prove that the parent with custody of the child is unable to provide the child with adequate support); see, also, State v.Bale (Dec. 7, 1993), Delaware App. No. 93 CAA01001, unreported.
For example, in State v. Ringkob (Mar. 25, 1998), Summit App. No. 18484, unreported, the defendant argued that because the state failed to present evidence that his children "went without," insufficient evidence existed to support his nonsupport conviction. The court disagreed with the defendant's argument, stating: "That others are providing support to a child is not a defense to prosecution under Section 2919.21(A)(2)." See, also,Schaub, supra; Mays, supra.
Thus, we believe that the focus of R.C. 2919.21 is upon the parent's conduct, not upon the amount of support the child may be receiving from a person other than the defendant. As the court explained in Schaub:
 "R.C. 2919.21 requires the state to show that the child is not being adequately supported by the defendant. The defendant in such a proceeding is presumed to have the ability to support the child unless he raises his inability as an affirmative defense. It is not an affirmative defense to prosecution under R.C. 2919.21 that the children are being adequately supported by a party other than defendant."
Id., 16 Ohio App.3d at 319, 475 N.E.2d at 1316. We disagree with authority contrary to the above. See State v. Oppenheimer
(1975), 46 Ohio App.2d 241, 348 N.E.2d 731.[6]
Thus, in the case at bar, whether the children received adequate support from someone other than appellant was not relevant to the issue of whether appellant failed to provide adequate support to his children. It is beyond dispute that appellant failed to provide any support to his children. We find no abuse of discretion committed by the trial court by denying appellant the opportunity to introduce evidence that another source provided his children with adequate support.
Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.
 III
In his third assignment of error, appellant asserts that the trial court erred by overruling appellant's Crim.R. 33(A) motion for a new trial. Appellant contends that the trial court should have permitted appellant, at a new trial, to present evidence that his children received adequate financial support.
Crim.R. 33(A) permits a defendant to file a motion for a new trial. Crim.R. 33(A) permits the trial court to grant the defendant's new trial motion "for any of the following causes affecting materially [the defendant's] substantial rights":
 (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;
* * * *
(5) Error of law occurring at the trial[.]
A trial court enjoys broad discretion when determining whether to grant a motion for a new trial. See, e.g., State v.Schiebel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54, paragraph one of the syllabus. Consequently, a reviewing court will not reverse a trial court's decision regarding a motion for a new trial absent an abuse of discretion. See State v. Filiaggi
(1999), 86 Ohio St.3d 230, 237, 714 N.E.2d 867, 874; Schiebel. As we stated above, an abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. See, e.g., Adamson, supra. We again note that the abuse of discretion standard does not permit the reviewing court to substitute its judgment for that of the trial court's judgment. See, e.g., Chippewa Twp. Trustees, supra.
In the case at bar, we find no abuse of the trial court's discretion. The trial court correctly concluded that appellant's argument that he was entitled to a new trial at which he could present evidence regarding whether the children received adequate support from a third party was without merit. See Schaub, supra. Thus, the trial court appropriately determined that a new trial was not warranted.
Accordingly, based upon the foregoing reasons, we overrule appellant's third assignment of error.
 IV
In his fourth assignment of error, appellant argues that he received ineffective assistance of counsel. Specifically, appellant asserts that trial counsel rendered ineffective assistance by: (1) failing to challenge the validity of the January 29, 1992 order; and (2) failing to object to appellant's sentence.
The Sixth Amendment right to counsel protects "the fundamental right to a fair trial." Strickland v. Washington
(1984), 466 U.S. 668, 684, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674. "A fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding." Id.,466 U.S. at 685, 104 S.Ct. at 2063, 80 L.Ed.2d 674. Thus, effective counsel is one who "plays the role necessary to ensure that the trial is fair," id., 466 U.S. at 685, 104 S.Ct. at 2063,80 L.Ed.2d 674, and "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id.,466 U.S. at 686, 104 S.Ct. at 2064, 80 L.Ed.2d 674.
To establish that defense counsel's conduct so undermined the functioning of the adversarial process, a defendant must establish: (1) that "counsel's performance was deficient"; and (2) that the "deficient performance prejudiced the defense."Id., 466 U.S. at 687, 104 S.Ct. at 2063, 80 L.Ed.2d 674. Counsel's performance is deficient if he "made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id., 466 U.S. at 687,104 S.Ct. at 2064, 80 L.Ed.2d 674; see, also State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373 (stating that counsel's performance is deficient if counsel substantially violated one of his essential duties to his client); State v. Peeples (1994),94 Ohio App.3d 34, 44, 640 N.E.2d 208, 215 (stating that counsel's performance is deficient if it "raise[s] compelling questions concerning the integrity of the adversarial process"). To prove that defense counsel's deficient performance prejudiced the defense, a defendant must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687,104 S.Ct. at 2063, 80 L.Ed.2d 674; see, also, Bradley, supra.
When addressing an ineffective assistance of counsel claim, the reviewing court should not consider what, in hindsight, may have been a more appropriate course of action. See State v.Phillips (1995), 74 Ohio St.3d 72, 85, 656 N.E.2d 643, 658
(stating that a reviewing court must assess the reasonableness of the defense counsel's decisions at the time they are made) Rather, the reviewing court "must be highly deferential."Strickland, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d 674.
As the Strickland Court stated, a reviewing court:
 "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'"
Id., 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d 674.
After our review of the record, we do not believe: (1) that appellant has overcome the strong presumption that his trial counsel's conduct constituted sound trial strategy; and (2) that assuming, arguendo, that trial counsel's performance was deficient, that trial counsel's alleged errors were so serious as to deprive appellant of a trial whose result is reliable. As we explained in our discussion of appellant's first assignment of error, the introduction of the January 29, 1992 order caused appellant no prejudice. Moreover, as we explain in our discussion of appellant's fifth assignment of error, trial counsel's failure to object to the trial court's sentence did not prejudice appellant.
Accordingly, based upon the foregoing reasons, we overrule appellant's fourth assignment of error.
 V
In his fifth assignment of error, appellant contends that the trial court erred by sentencing him to five years of community control. We disagree with appellant.
When reviewing a trial court's decision regarding sentencing, a reviewing court may not modify or vacate the sentence unless the court "clearly and convincingly" finds that: (1) the sentence is not supported by the record; (2) the trial court imposed a prison term without following the appropriate statutory procedures; or (3) the sentence imposed was contrary to law. R.C. 2953.08(G); Griffin Katz, Ohio Felony Sentencing Law (1998 Ed.) 495, Section 9.16.
Although a trial court generally possesses discretion when sentencing an offender, a trial court must not disregard the statutory principles, procedures, presumptions, and factors. See R.C. 2929.12(A); State v. Persons (Apr. 26, 1999), Washington App. No. 98 CA 19, unreported; State v. McConnaughey (Mar. 4, 1998), Athens App. No. 97 CA 39, unreported; State v. Thomas
(May 18, 1998), Washington App. No. 97 CA 20, unreported; Statev. Ditterline (Sep. 5, 1997), Washington App. No. 96 CA 47, unreported. As noted in Persons, an appellate court's review of a trial court's decision regarding sentencing is no longer conducted pursuant to the traditional "abuse of discretion" standard. See Griffin Katz 495, Section 9.16 ("Judicial discretion is now greatly circumscribed. The sentencing act provisions significantly limit and channel the exercise of discretion through statutory guidelines in the form of purposes, principles, factors, and presumptions."). Rather, by providing statutory standards for the exercise of discretion, the Ohio General Assembly has now clearly defined that which constitutes an "abuse of discretion." See Person, supra, n. 3 (citing Griffin Katz 495, Section 9.16). A sentencing court abuses its discretion when the court fails to appropriately consider the "purposes, array of principles, factors, and presumptions," detailed throughout R.C. 2929.11 through R.C. 2929.20. Griffin 
Katz 495, Section 9.16; see, also, Persons, supra. Thus, in determining whether the sentencing court properly exercised its discretion, a reviewing court should examine the record to ascertain whether the trial court: (1) considered the statutory factors; (2) made the required findings; (3) relied on substantial evidence in the record to support its findings; and (4) properly applied the statutory guidelines. See State v.Dunwoody (Aug. 5, 1998), Meigs App. No. 97 CA 11, unreported.
We further note that our standard of review does not permit us to simply substitute our judgment for that of the trial court. Griffin Katz 496, Section 9.16. However, neither may we completely defer to the trial court's decision. Id. Instead, we must examine the record to ascertain whether "substantial evidence" exists in the record "to support the trial court's conclusions and the sentence it imposed." Id. Moreover, appellate courts are now precluded from modifying or vacating a sentence unless it is "clearly and convincingly" shown that the sentence is not supported by the record, is contrary to law or that the trial court failed to follow the proper statutory procedures for imposing such sentence. See R.C. 2953.08(G)(1).
Based upon our review of the record, we believe that substantial evidence exists in the record to support the trial court's sentence. Appellant has not clearly and convincingly demonstrated that the trial court's sentence is contrary to law.
We begin by noting that the trial court convicted appellant of failing to support his minor children for a total accumulated period of twenty-six out of one hundred four consecutive weeks, in violation of R.C. 2919.21. R.C. 2919.21(G)(1) provides that a failure to provide support to a minor child for a total accumulated period of twenty-six out of one hundred four consecutive weeks constitutes a fifth degree felony. R.C.2929.13(B)(2)(b) permits a trial court to impose community control sanctions upon a fifth degree felony offender. Additionally, R.C. 2929.14(A)(5) permits a trial court to sentence a fifth degree felony offender to six, seven, eight, nine, eleven, or twelve months imprisonment.
Prior to imposing a sentence, the trial court must consider the overriding purposes of felony sentencing. R.C. 2929.11(A). The overriding purposes of felony sentencing are: (1) to protect the public from future crime by the offender and others; and (2) to punish the offender. R.C. 2929.11(A); Griffin Katz, 286, Section 1.11. In seeking to achieve the "overriding purposes" of felony sentencing, "the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A).
Moreover, R.C. 2929.11(B) provides that the trial court's sentence shall be: (1) "reasonably calculated to achieve the two overriding purposes of felony sentencing"; (2) "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim"; and (3) "consistent with sentences imposed for similar crimes committed by similar offenders." The sentence should not be based upon the race, ethnicity, gender, or religion of the offender. R.C.2929.11(C)
R.C. 2929.12(A) affords a sentencing court discretion in determining "the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." In exercising its discretion, the court must consider the factors relating to the seriousness of the offense as set forth in R.C. 2929.12(B) and (C) and the factors relating to the likelihood of recidivism as enumerated in R.C. 2929.12(D) and (E). See R.C. 2929.12(A). The trial court may also consider any other factors it finds relevant to achieving the overriding purposes and principles of sentencing. See id.
R.C. 2929.12(B) provides that the existence of the following factors should lead the trial court to conclude that the offender's conduct in committing the offense was "more serious than conduct normally constituting the offense": (1) the victim suffered physical or mental injury and the victim's mental condition or age exacerbated that injury; (2) the victim suffered serious physical, psychological, or economic harm as a result of the offense; (3) the offender held a public office or position of trust in the community, and the offense related to that office or position; (4) the offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice; (5) the offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others; (6) the offender's relationship with the victim facilitated the offense; (7) the offender committed the offense for hire or as a part of an organized criminal activity; and (8) in committing the offense, prejudice based on race, ethnic background, gender; sexual orientation, or religion, motivated the offender.
R.C. 2929.11(C) specifies the factors that may lead the sentencing court to conclude that the offender's conduct was "less serious than conduct normally constituting the offense": (1) the victim induced or facilitated the offense; (2) the offender acted under strong provocation; (3) the offender did not cause or expect to cause physical harm to any person or property; and (4) substantial grounds to mitigate the offender's conduct exists.
R.C. 2929.11(D) and (E) enumerate the following factors that a sentencing court must consider in determining the recidivism likelihood: (1) whether the offender, at the time of the offense, was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16,2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense; (2) whether the offender previously was adjudicated a delinquent child, whether the offender has a history of criminal convictions, or whether the offender had led a law-abiding life prior to committing the offense; (3) whether the offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child or whether the offender has not responded favorably to sanctions previously imposed for criminal convictions; (4) whether the offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse; (5) whether the offender shows genuine remorse for the offense; and (6) whether the offense was committed under circumstances not likely to recur.
Additionally, when deciding whether to impose a prison term or community control sanctions upon a fifth degree felony offender, the trial court must consider the following factors:
 (a) In committing the offense, the offender caused physical harm to a person.
 (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 (e) The offender committed the offense for hire or as part of an organized criminal activity.
 (f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321
[2907.32.1], 2907.322 [2907.32.2], 2907.323 [2907.32.3], or 2907.34 of the Revised Code.
(g) The offender previously served a prison term.
 (h) The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction.
R.C. 2929.13(B)(1)(a)-(h). If the trial court finds that (1) one of the foregoing factors applies to the offender, (2) a prison term is consistent with the purposes and principles of sentencing, and (3) the offender is not amenable to community control sanctions, the trial court shall impose a prison term upon the offender. See R.C. 2929.13(B)(2)(a). If, however, the court finds that none of the foregoing factors applies to the offender, and if, after considering the factors set forth in R.C.2929.12, the court determines that a community control sanction is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11, the court shall impose a community control sanction or combination of community control sanctions upon the offender. See R.C. 2929.13(B)(2)(b).
Upon our review of the record, we find no evidence to indicate that the trial court failed to comply with the statutory procedures or failed to properly consider the pertinent factors prior to imposing appellant's sentence. Ample evidence exists in the record to support the trial court's decision to impose a sentence of five years of community control. At the sentencing hearing, the trial court noted that appellant displayed an utter disregard for his responsibility to provide support to his minor children. The trial court noted that appellant had been offered four paying jobs, but that appellant refused the work, claiming that the jobs would not pay him enough money. We believe that the trial court's imposition of a five year period of community control sanctions adequately and appropriately punishes appellant for the nature of his offenses.
Accordingly, based upon the foregoing reasons, we overrule appellant's fifth assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KLINE, P.J.: Concurs in Judgment Opinion
HARSHA, J. : Concurs in Judgment Opinion as to Assignments of Error II, III V; Concurs in Judgment Only as to Assignments of Error I IV
 BY: _________________________ PETER B. ABELE, Judge
[1] The parties originally lived in and were married in Ohio.
[2] Although the indictment did not specify whether the charges were brought pursuant to R.C. 2919.21(A)(2) or (B), counts one and three mirror the language contained in R.C. 2919.29(A)(2) and counts two and four follow the language contained in R.C. 2919.29(B).
R.C. 2919.29(A)(2) provides: "No person shall abandon, or fail to provide adequate support to * * * [t]he person's child who is under age eighteen * * *."
R.C. 2919.29(B) provides: "No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support."
R.C. 2919.29(B) requires evidence of a prior court order or decree to sustain a conviction for nonsupport, while R.C.2919.19(A)(2) does not require such evidence.
[3] Count one of the indictment alleged that:
 "[Appellant], on or about January 29, 1992 through February 22, 1998 * * * fail[ed] to provide adequate support for his child, to wit: Jason Garrison, who during such period was under the age of 18 years, having failed to provide such support for said child for a total accumulated period of twenty-six (26) weeks out of one hundred four (104) consecutive weeks, in violation of Section 2919.21 of the Ohio Revised Code."
Count three of the indictment was identical to count one, with the sole exception that the count indicated that appellant failed to support his other son, Jeremy.
Count two of the indictment alleged that:
 "[Appellant], on or about January 29, 1992 through February 22, 1998 * * * fail[ed] to provide adequate support for his child, to wit: Jason Garrison, who during such period was under the age of 18 years, [appellant] being legally obligated to support said child by law or by Court Order or by Decree, in violation of Section 2919.21 of the Ohio Revised Code."
Count four of the indictment was identical to count two, with the sole exception that the count indicated that appellant failed to support his other son, Jeremy.
[4] "A `conviction' includes both the guilt determination and the penalty imposition." State v. Goff (1998), 82 Ohio St.3d 123,135, 694 N.E.2d 916, 926; see, also, State v. Rance (1999),85 Ohio St.3d 632, 636, 710 N.E.2d 699, 703.
[5] We note that to be valid, the January 29, 1998 order must have complied with the requirements and procedures set forth in R.C. Chapter 3115. See, generally, McClure v. McClure (1997),119 Ohio App.3d 76, 694 N.E.2d 515. See, also, R.C. 3115.39;3115.48; 3115.50.
[6] We note that R.C. 2919.21(F) provides: "It is not a defense to a charge under division (B) of this section that the person whom a court has ordered the accused to support is being adequately supported by someone other than the accused." We do not believe that the statutory language which provides that the "adequate support" defense is inapplicable to division (B), by implication intends for this defense theory to apply to division (A). See, e.g. Nelson, supra.