OPINION
{¶ 1} Defendant-appellant, Phillip Scott Cook (hereinafter "Cook"), appeals the judgment of the Union County Court of Common Pleas finding him guilty on two counts of Non-Support of Dependants, in violation of R.C.2919.21(B), and sentencing him to twelve months imprisonment.
 {¶ 2} On April 26, 2004, Cook was indicted on one count of Non-Support of Dependants for the time period of April 21, 2002 through April 21, 2004 and one count of Non-Support of Dependents for the time period of April 20, 2000 through April 20, 2002, both felonies of the fifth degree. Cook initially entered pleas of not guilty, but on July 9, 2004, he changed his pleas to guilty to both counts.
 {¶ 3} Cook was subsequently sentenced in August 16, 2004. The trial court imposed a six-month term of imprisonment for each count, to be served consecutively.
 {¶ 4} Thirty days later, Cook filed a motion for judicial release. On September 22, 2004, a hearing was held on the motion in which the trial court denied Cook's request.
 {¶ 5} It is from the conviction for two counts of non-support, the imposition of consecutive sentences and the denial of judicial release that Cook now appeals and sets forth four assignments of error for our review. For clarity of analysis, we have combined Cook's first and second assignments of error.
 ASSIGNMENT OF ERROR NO. I The courts [sic] conviction and sentencing for 2 counts of non-supportwas plain error as it was contary [sic] to law.
 ASSIGNMENT OF ERROR NO. II The court comitted [sic] error by not finding that each of the countswere crimes of similar import and should have merged for sentencingpurposes.
 {¶ 6} In the case sub judice, Cook was ordered to pay $55.92 in support for his son, Gage, by an administrative order issued April 29, 1999, subsequently adopted by the trial court. Although Cook admitted to the trial court he had the means to pay his support obligation, he made only one payment and was subsequently indicted on two counts of non-support: one count for the two-year period from April 20, 2000 to April 20, 2002 and one count for the two-year period from April 21, 2002 to April 21, 2004.
 {¶ 7} In his first assignment of error, Cook alleges error in his conviction for two counts of non-support. He asserts that he was ordered to pay support for his son only one time and that he committed only one violation when he failed to obey the order of the court. Cook argues that a count of non-support for each of two two-year periods he was delinquent was contrary to law.
 {¶ 8} In his second assignment of error, Cook argues that his failure to pay child support resulted from the same act without a separate animus, constituting allied offenses of similar import. Cook claims that, as allied offenses of similar import, the two counts should have merged for sentencing purposes.
 {¶ 9} Generally, a guilty plea "is a complete admission of the defendant's guilt." See Crim.R. 11(B)(1). We note that Cook did not argue to the trial court the issues of whether he could be convicted of two counts of non-support or whether the two counts were allied offenses of similar import. Therefore, these claims are subject only to a plain error analysis. Crim.R. 52; State v. Fields (1994), 97 Ohio App.3d 337,343-344.
 {¶ 10} Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court. Crim.R. 52(B). In the exercise of our discretion, we examine whether the trial court committed plain error by convicting and sentencing Cook to two counts of non-support.
 {¶ 11} To reverse a criminal judgment based upon plain error, we must first find that there was an error, the error was plain error and the defendant was prejudiced by the error. State v. Fields (1994),97 Ohio App.3d 337, 344.
 {¶ 12} R.C. 2941.25 governs the indictment and conviction of allied offenses and provides in pertinent part:
(A) Where the same conduct by defendant can be construed to constitutetwo or more allied offenses of similar import, the indictment orinformation may contain counts for all such offenses, but the defendantmay be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses ofdissimilar import, or where his conduct results in two or more offensesof the same or similar kind committed separately or with a separateanimus as to each, the indictment or information may contain counts forall such offenses, and the defendant may be convicted of all of them.
 {¶ 13} The Ohio Supreme Court has devised a test for determining if two offenses are allied offenses of similar import. First, we must compare the elements of the two crimes. State v. Blankenship (1988),38 Ohio St.3d 116. If the elements of the offenses correspond to such a degree that a commission of one crime results in the commission of the other, then the crimes are allied offenses of similar import, and the court must proceed to the second step. Id. In the second step, we determine whether the defendant can be convicted of both offenses. Id. If the court determines either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. Id.
 {¶ 14} Cook was charged with a violation of R.C. 2919.21(B). This statute provides in pertinent part that "[n]o person shall * * * fail to provide support as established by a court order to, another person whom, by court order or decree the person is legally obligated to support." The offense is a fifth-degree felony if the offender has "failed to provide support * * * for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks, whether or not the twenty-six weeks were consecutive." See R.C. 2919.21(G)(1).
 {¶ 15} The evidence in the case sub judice demonstrates that the facts of Cook's failure to pay child support for his son were identical, except for the times at which the offenses charged were committed, i.e. two separate one hundred four week (two year) periods. Accordingly, we must conclude that the offenses were committed separately. Thus, under R.C.2941.25(B), we find that Cook could lawfully be convicted of the two offenses charged, in that commission of one offense does not result in the commission of the other. See State v. Schaub (1984),16 Ohio App.3d 317, 319.
 {¶ 16} Finding that the two offenses are separate crimes, we do not find that it was error to convict and sentence Cook on two counts of non-support which occurred during two separate time periods. Accordingly, Cooks' first and second assignments of error are overruled.
 ASSIGNMENT OF ERROR NO. III The lower court committed error when it sentenced the defendant toconsecutive sentences.
 {¶ 17} In this assignment of error, Cook argues that the trial court failed to make the necessary findings for the imposition of consecutive sentences and failed to set forth its reasons for requiring Cook's sentences be served consecutively. In the absence of such findings, Cook maintains that his sentence should be vacated.
 {¶ 18} On review, a sentence imposed by a trial court will not be disturbed absent a showing by clear and convincing evidence that the sentence is unsupported by the record; the procedure of the sentencing statutes was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. See R.C. 2953.08(G).
 {¶ 19} Before consecutive sentences may be imposed, the trial court is required to make several findings in accordance with R.C. 2929.14 and R.C. 2929.19. First, the sentencing court must find that consecutive sentences are "necessary to protect the public" or to "punish the offender." R.C. 2929.14(E)(4). Second, the court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public." Id. Finally, the trial court must find the existence of one of the three following circumstances:
(a) the offender committed one or more of the multiple offenses whilethe offender was awaiting trial or sentencing * * * or was underpost-release control for a prior offense;
 (b) * * * the harm caused by * * * the multiple offenses was so greator unusual that no single prison term for any of the offenses committedas part of a single course of conduct adequately reflects the seriousnessof the offender's conduct;
 (c) the offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime by the offender. R.C. 2929.14(E)(4).
 {¶ 20} In addition to these findings, the trial court must give its reasons for imposing consecutive sentences. See R.C. 2929.19(B)(2)(c). Therefore, the trial court must not only make the required findings under R.C. 2929.14(E)(4), but must also substantiate those findings by "identifying specific reasons supporting the imposition of consecutive sentences." State v. Brice (March 29, 2000), 4th Dist. No. 99CA21.
 {¶ 21} In the case sub judice, the trial court determined that consecutive terms were necessary to protect the public, given Cook's extensive criminal history and that Cook gave every indication that he had no intention of being a law-abiding citizen or trying to rehabilitate himself. The trial court also found that Cook committed the offense of non-support while he was under sanction for another crime.
 {¶ 22} We find that the trial court sufficiently stated its reasons for imposing consecutive sentences and made two of the three findings necessary. It does not appear from the record, however, that the trial court made a finding with regard to whether consecutive sentences were "not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public." R.C. 2929.14(E)(4). Although R.C.2929.14(E)(4) does not require the trial court to recite the exact words of the statute to impose consecutive sentences upon an offender, the trial court must state sufficient supporting reasons for the imposition of consecutive sentences. R.C. 2929.14(B)(2)(c); State v. Kelly (2001),145 Ohio App.3d 277, 281; State v. Boshko (2000),139 Ohio App.3d 827, 838-839; State v. Yirga, 3d Dist. No. 16-01-24, 2002-Ohio-2832. From the record before us, we cannot determine whether the trial court considered this factor.
 {¶ 23} Accordingly, Cook's third assignment of error is sustained.
 ASSIGNMENT OF ERROR NO. IV The lower court erred by improperly using a pending appeal to threatenappellant, ruling against appellant and determining that the court couldnot make rulings on a motion for judicial release if an appeal wa [sic]pending.
 {¶ 24} In the case sub judice, the trial court determined that it could take no action on Cook's motion for judicial release while Cook's appeal to this court was pending. Therefore, the court held the motion in abeyance for ninety days. The trial court stated that if after that time had elapsed and Cook's appeal was still pending, it would deny the motion.
 {¶ 25} Cook argues herein that the trial court erred by refusing to rule on his motion for judicial release on the mistaken belief that it did not have jurisdiction. Cook further asserts that the trial court used his motion for judicial release as "some sort of leverage to urge [Cook] to dismiss his appeal."
 {¶ 26} Generally, a trial court loses jurisdiction to take action in a case after an appeal has been filed. State ex rel. Special Prosecutorsv. Judges (1978), 55 Ohio St.2d 94, 97. It does retain jurisdiction, however, "over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt, appointment of a receiver and injunction." Id.
 {¶ 27} We need not reach the issue of the trial court's jurisdiction over this matter, however, because the record before us does not reveal whether the trial court ever issued an entry denying Cook's motion for judicial release after the allotted ninety days had passed. In the absence of an entry of judgment, we have no jurisdiction over the trial court's action. A motion that is pending indicates there is no final appealable order. Caruthers v. Caruthers, 4th Dist. No. 00CA09, 2001-Ohio-2388.
 {¶ 28} Accordingly, Cook's fourth assignment of error is hereby overruled.
 {¶ 29} Having found error prejudicial to appellant herein regarding only the determination of whether consecutive sentences were "not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public," we reverse in part and remand the matter for further proceedings consistent with this opinion. In all other aspects, the judgment of the trial court is affirmed.
Judgment affirmed in part and reversed in part.
 Shaw, J., concurs.
 Rogers, J., concurs in part and dissents in part.