[Cite as *State v. Ellis*, 2011-Ohio-5216.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| TOMMA M. ELLIS | : | Case No. 11-CA-9 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 10-CR-0070

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            October 7, 2011

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOSEPH A. FLAUTT                          JASON A. SARVER
111 North High Street                     123 South Broad
P.O. Box 569                              Suite 314
New Lexington, OH  43764                  Lancaster, OH  43130

*Farmer, J.*

{¶1}   On October 1, 2010, the Perry County Grand Jury indicted appellant, Tomma Ellis, on three counts of aggravated trafficking in drugs with forfeiture specifications in violation of R.C. 2925.03(A)(1)(a) and (b).   On February 16, 2011, appellant pled guilty as charged.   The trial court accepted the pleas and ordered a presentence investigation.

{¶2}   On March 24, 2011, appellant filed a motion to withdraw her guilty pleas. A hearing was held on March 29, 2011.  By judgment entry filed April 11, 2011, the trial court denied the motion.

{¶3}   A sentencing hearing was held on April 21, 2011.   By termination judgment entry filed April 27, 2011, the trial court sentenced appellant to eighteen months in prison.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶5}   "THE COURT OF COMMON PLEAS ABUSED ITS DISCRETION IN DENYING TOMMA ELLIS' PRE-SENTENCE MOTION TO VACATE HER PLEA THEREBY DEPRIVING HER OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION."

I

{¶6}   Appellant claims the trial court erred in denying her motion to withdraw her guilty pleas pursuant to Crim.R. 32.1.  We disagree.

{¶7}   Crim.R. 32.1 governs withdrawal of guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  The right to withdraw a plea is not absolute and a trial court's decision on the issue is governed by the abuse of discretion standard.  *State v. Smith* (1977), 49 Ohio St.2d 261.  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.

{¶8}   "It is well established that, even though a defendant does not have an absolute right to withdraw a plea prior to sentencing, a presentence motion to withdraw a guilty plea should be 'freely and liberally granted.'***Although such a motion is to be treated liberally, the trial court's decision is still ultimately one of discretion.  In determining whether the trial court has properly exercised its discretion, this court is aided by the following factors: (1) whether the accused was represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the withdrawal motion, and (4) whether the trial court gave full and fair consideration to the motion.***In addition to these factors, there are other considerations, including (1) whether the motion was made within a reasonable time; (2) whether the motion set out specific reasons for the withdrawal; (3) whether the accused understood the nature of the charges and the possible penalties; and (4) whether the accused was perhaps not guilty or had a

complete defense to the charges." *State v. McNeil* (2001), 146 Ohio App.3d 173, 175-176. (Footnotes omitted.)

{¶9} Appellant pled guilty pursuant to a plea agreement:

{¶10} "MR. FLAUTT: Yes, Your Honor. The defendant is charged with two felonies of the third degree and one felony of the fourth degree. It's my understanding that she's going to enter a plea to the three counts.

{¶11} "In return for her doing that, on the Felony 3's, I'd recommend a sentence of one year in a state penal institution, a thousand dollar fine, and a six month license suspension. Those periods of imprisonment would be served concurrently.

{¶12} "On the Felony 4, I'd recommend a six month period of imprisonment, a thousand dollar fine, and a six month driver's license suspension, with that period of imprisonment to be served consecutively. I would also ask that the license suspensions be consecutive.

{¶13} "It's also my understanding that the forfeiture specification will be granted, and I have agreed to remain neutral in the event there should be an application for judicial release." February 16, 2011 T. at 3-4.

{¶14} The trial court's Crim.R. 11 colloquy with appellant complied with the mandates of the rule, and appellant answered affirmatively that she understood her rights. Id. at 4-11. We note the trial court sentenced appellant pursuant to the state's recommendations, although it was not bound to do so.

{¶15} Appellant's March 24, 2011 motion to withdraw her guilty pleas set forth the following reason for her request:

{¶16} "After discussing this matter with Ms. Ellis, it now appears that she did not properly understand the advice counsel provided regarding the admission of potential evidence had this matter proceeded to trial. Therefore, Ms. Ellis had determined, having giving it considerable thought, that she would like to withdraw her plea on the basis that she was confused at her plea hearing."

{¶17} A hearing on the motion was held on March 29, 2011. In its April 11, 2011 entry denying the motion, the trial court summarized the testimony as follows:

{¶18} "The Defendant was scheduled for sentencing on March 29, 2011. However, the sentencing hearing was changed to a hearing on the Motion to Withdraw Guilty Plea. There was no evidence presented that the State would be prejudiced by the withdrawal of the guilty plea. The Defendant testified that her attorney advised her to take the plea due to a felony conviction, which occurred 17 years ago. However, she testified other people have told her that should not be taken into account. Pursuant to Ohio Evidence Rule 609, the Court has discretion to admit a conviction that is more than 10 years old. The Defendant also testified that she has not seen the discovery. However, she admitted that her attorney told her the evidence the prosecution has against her. At the Plea Hearing on February 16, 2011, the Defendant told the Court that she discussed the matter with her attorney and that she was satisfied with the advice of her attorney and with his representation of her. She indicated that she wanted to enter a plea of guilty to two counts of Aggravated Trafficking in Drugs with Forfeiture Specifications, which are felonies of the third degree and one count of Aggravated Trafficking in Drugs, with a Forfeiture Specification, which is a felony of the fourth degree. She testified her attorney told her to just say yes at the plea hearing. The

Defendant's attorney at the withdrawal of guilty plea hearing indicated that he disagreed with the representations she was making. The defendant was afforded sufficient representation by counsel."

{¶19} During the hearing in her sworn testimony, appellant claimed she had never seen any of the evidence, there was a lack of communication between her and defense counsel, and she was confused about defense counsel's advice to her concerning her previous felony conviction. March 29, 2011 T. at 3-4. Although not under oath, defense counsel stated, "I strongly disagree with that characterization as to how--things, how we have gotten to this point and I do feel that I have fully represented her***." Id. at 5. Defense counsel disagreed with appellant withdrawing her guilty pleas "based on the evidence that that there is." Id. When questioned on why she did not tell the trial court during the plea hearing that she had not seen the evidence against her, appellant stated "[b]ecause he just told me to come in and answer yes Ma'am." Id. at 5-6. When asked if she had lied to the trial court about being satisfied with her attorney and understanding the possible penalties, appellant answered in the affirmative because she really did not understand what was going on. Id. at 6-7. Appellant stated her defense to the charges was that she had witnesses, including her daughter, that would say she did not sell drugs to an undercover cop. Id. at 9-10.

{¶20} The trial court was faced with deciding on which day appellant was telling the truth, at her plea hearing or the motion to withdraw hearing. This credibility issue is best resolved by the trial court. In addition, defense counsel disputed appellant's claims.

{¶21}  Given the facts presented, we are hard pressed to conclude that appellant did not understand her guilty pleas as opposed to having a change of heart.

{¶22}  Upon review, we find the trial court did not err in denying appellant's motion to withdraw her guilty pleas.

{¶23}  The sole assignment of error is denied.

{¶24}  The judgment of the Court of Common Pleas of Perry County, Ohio is hereby affirmed.

By Farmer, P.J.

Edwards, J. and

Delaney, J. concur.


___s/ Sheila G. Farmer_____


___s/ Julie A. Edwards_____


___s/ Patricia A. Delaney_____

JUDGES

SGF/sg 908

[Cite as *State v. Ellis*, 2011-Ohio-5216.]

IN THE COURT OF APPEALS FOR PERRY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TOMMA M. ELLIS | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11-CA-9 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Perry County, Ohio is affirmed. Costs to appellant.

_s/ Sheila G. Farmer_____

_s/ Julie A. Edwards_____

_s/ Patricia A. Delaney_____

JUDGES