[Cite as *State v. Ellis*, 2012-Ohio-437.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 11-CA-12 |
| TOMMA M. ELLIS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Perry County Court of
                             Common Pleas, Case No. 10-CR-0070



JUDGMENT:                    DISMISSED



DATE OF JUDGMENT ENTRY:      January 30, 2012



APPEARANCES:

For Appellant:                         For Appellee:

JASON A. SARVER                        JOSEPH A. FLAUTT
123 S. Broad St.                       111 N. High St.
Suite 314                              P.O. Box 569
Lancaster, OH 43130                    New Lexington, OH 43764-0569

*Delaney, J.*

{¶ 1} Defendant-Appellant Tomma M. Ellis appeals the August 26, 2011 judgment entry of the Perry County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

{¶ 2} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides in pertinent part:

{¶ 3} "(E) Determination and judgment on appeal.

{¶ 4} "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

{¶ 5} "The decision may be by judgment entry in which case it will not be published in any form."

{¶ 6} This appeal shall be considered in accordance with the aforementioned rule.

## STATEMENT OF THE FACTS AND CASE

{¶ 7} On October 1, 2010, the Perry County Grand Jury indicted Appellant on three counts of aggravated trafficking in drugs with forfeiture specifications in violation of R.C. 2925.03(A)(1)(a) and (b). On February 16, 2011, Appellant pleaded guilty as charged. The trial court accepted the pleas and ordered a presentence investigation.

{¶ 8} On March 24, 2011, Appellant filed a motion to withdraw her guilty pleas. A hearing was held on March 29, 2011. By judgment entry filed April 11, 2011, the trial court denied the motion.

{¶ 9} A sentencing hearing was held on April 21, 2011. By termination judgment entry filed April 27, 2011, the trial court sentenced Appellant to 18 months in prison.

{¶ 10} On April 28, 2011, Appellant filed an appeal of the decision to deny her pre-sentence motion to withdraw her guilty pleas in *State of Ohio v. Tomma M. Ellis*, 5th Dist. No. 11-CA-9, 2011-Ohio-5216.

{¶ 11} Appellant filed a motion for judicial release on June 2, 2011. The State filed a response to the motion. On June 20, 2011, the trial court denied the motion for judicial release.

{¶ 12} Appellant then filed a motion to withdraw her guilty pleas on June 30, 2011. Appellant argued that the State breached the plea agreement by opposing the motion for judicial release. At the plea hearing, the State acknowledged it would remain neutral if there was an application for judicial release. *Ellis* at ¶ 13.

{¶ 13} Appellant filed a second motion for judicial release on August 2, 2011.

{¶ 14} On August 26, 2011, the trial court issued a judgment entry on Appellant's motion to withdraw her guilty pleas and motion for judicial release. The entry stated in part:

{¶ 15} "The Court does not have jurisdiction to rule on these Motions due to the Notice of Appeal filed in this case. The Entry, which was filed herein June 26, 2011 is, therefore, vacated."

{¶ 16} Appellant filed a Notice of Appeal of the August 26, 2011 judgment entry on September 22, 2011.

{¶ 17} On October 7, 2011, this Court affirmed the trial court's decision to deny Appellant's pre-sentence motion to withdraw her guilty pleas in *Ellis.*

{¶ 18} We now review Appellant's appeal of the August 26, 2011 judgment entry. Appellant raises one Assignment of Error:

{¶ 19} "I. THE COURT OF COMMON PLEAS ABUSED ITS DISCRETION IN HOLDING THAT THE TRIAL COURT LACKED JURISDICTION TO CONSIDER APPELLANT'S REQUEST(S) FOR JUDICIAL RELEASE."

I

{¶ 20} Before this Court can review the merits of Appellant's Assignment of Error, we must first determine whether we have jurisdiction to consider this matter. In the August 26, 2011 judgment entry, the trial court determined it would make no decision on Appellant's motions for judicial release and motion to withdraw her guilty pleas while Appellant's direct appeal was pending.

{¶ 21} Appellant argues in her Assignment of Error that it was error for the trial court to find that it lacked jurisdiction to rule on her motion for judicial release. We note that Appellant does not raise argument regarding her motion to withdraw her guilty pleas in her Assignment of Error or brief, so we focus only on Appellant's assigned error.

{¶ 22} We find the issue of a motion for judicial release filed while an appeal is pending has been discussed by the Third District Court of Appeals in *State v. Cook*, 3rd Dist. No. 14-04-36, 2005-Ohio-4448. In that case, the appellant was convicted on two counts of non-support of defendants. Thirty days after his conviction, the appellant filed a motion for judicial release. The trial court held a

hearing on the motion and denied the appellant's request. The trial court determined it could take no action on the motion while the appellant's appeal was pending. It determined it would hold the motion for ninety days and if the time elapsed and the appellant's appeal was still pending, it would deny the motion. *Id*. at ¶4-5, 24.

{¶ 23} The appellant argued the trial court "erred by refusing to rule on his motion for judicial relief on the mistaken belief that it did not have jurisdiction." *Id*. at ¶25. The Third District held:

{¶ 24} "Generally, a trial court loses jurisdiction to take action in a case after an appeal has been filed. *State ex rel. Special Prosecutors v. Judges* (1978), 55 Ohio St.2d 94, 97, 378 N.E.2d 162. It does retain jurisdiction, however, 'over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt, appointment of a receiver and injunction.' Id.

{¶ 25} "We need not reach the issue of the trial court's jurisdiction over this matter, however, because the record before us does not reveal whether the trial court ever issued an entry denying Cook's motion for judicial release after the allotted ninety days had passed. In the absence of an entry of judgment, we have no jurisdiction over the trial court's action. A motion that is pending indicates there is no final appealable order. *Caruthers v. Caruthers,* 4th Dist. No. 00CA09, 2001-Ohio-2388." *Id*. at ¶26-27.

{¶ 26} In our case, the August 26, 2011 judgment entry does not deny (or grant) Appellant's motions for judicial release. The entry in fact vacates the trial court's initial denial of Appellant's first motion for judicial release. The effect of the

August 26, 2011 judgment entry is to determine that the motions for judicial release will remain pending while Appellant's direct appeal is before this Court. Appellant's direct appeal was resolved on October 7, 2011.

{¶ 27} Under these facts and based on the analysis of *State v. Cook*, we find there is no final appealable order before this Court for our resolution.

{¶ 28} The appeal of the August 26, 2011 judgment of the Perry County Court of Common Pleas is dismissed for lack of a final appealable order.

By: Delaney, P.J.

Farmer, J. and

Edwards, J. concur.

HON. PATRICIA A. DELANEY

HON. SHEILA G. FARMER

HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR PERRY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
                                       :
              Plaintiff-Appellee       :
                                       :
-vs-                                   :      JUDGMENT ENTRY
                                       :
TOMMA M. ELLIS                         :
                                       :
                                       :      Case No. 11-CA-12
              Defendant-Appellant      :


    For the reasons stated in our accompanying Opinion on file, the appeal of the judgment of the Perry County Court of Common Pleas is dismissed.  Costs assessed to Appellant


_____
HON. PATRICIA A. DELANEY


_____
HON. SHEILA G. FARMER


_____
HON. JOHN W. WISE